**UNITED STATES of America,
Appellee,
v.
Courtney Townsend TAYLOR,
Appellant.
No. 84, Docket 23167.**

United States Court of Appeals,
Second Circuit.

Argued Oct. 8, 1954.
Decided Nov. 26, 1954.

Courtney Townsend Taylor filed a brief and reply brief pro se.

J. Edward Lumbard, U. S. Atty., New York City (Leon Silverman and George H. Bailey, Asst. U. S. Attys., New York City, of Counsel), for appellee.

Before CLARK, Chief Judge, and L. HAND and FRANK, Circuit Judges.

L. HAND, Circuit Judge.

This is an appeal from an order of the District Court for the Southern District of New York (Sugarman, J., presiding) denying a motion of the defendant, Taylor, under the Habeas Corpus Act,[1] to vacate his conviction by the same court

---

1. Especially, there is no attempt to consider the applicability or effect of 49 U.S. C.A. § 453 until the facts are before us.

1. § 2255, Title 28, U.S.Code.

for "transporting" in interstate commerce "falsely made" and "forged" "securities" "with unlawful or fraudulent intent." [2] The petition was based upon the theory that the sentence was "imposed in violation of * * * laws of the United States," because the facts alleged were not within the statute. The sentence was imposed upon a plea of guilty to an information (an indictment having been waived), alleging that "with unlawful and fraudulent intent" the accused had transported in interstate commerce "checks drawn on fictitious and non-existent bank accounts, knowing the same to have been falsely made and forged." Taylor argues that the conviction was contrary to our decision in United States v. Paglia, 2 Cir., 190 F.2d 445, 448, which held that § 2314 of Title 18—the "Stolen Property Act"—did not cover cashing a "forged," or otherwise "falsely made," cheque at a bank in State A which was drawn upon a bank in State B, though the swindler knew that the first bank would forward it for collection to State B. This we held because it was no part of the swindler's purpose that the cheque should be so transported; and that indeed on the contrary "it would have suited his purposes better," had the cheque "been lost or destroyed as soon as he got the money, for that would have made detection more difficult." We agree with the defendant that the case at bar is directly within our decision, and that the prosecution has failed to distinguish it. Paglia had pleaded guilty to Count Five of an indictment under the "Stolen Property Act" for transporting counterfeit American Express Company cheques from New York to Cleveland. There was no question about his guilt on that count, for he had carried the cheques with him from New York to Cleveland where he cashed them. Count Six, which we held did not allege a crime, had charged him as a separate crime with transporting the same cheques back from Cleveland to New York, because, being redeemable in New York, he must have

known that the Cleveland banks would forward them to the drawees in New York.

■ Two points are involved: (1) whether the swindler "causes" such cheques to be transported in interstate commerce; and (2), if he does, whether the act makes it a crime. We have no doubt that the first condition is satisfied; "causing" does not mean one thing in civil liability, and another in criminal; it is as to the second element that the difficulty arises. The Supreme Court in United States v. Sheridan, 329 U.S. 379, 67 S.Ct. 332, 333, 91 L.Ed. 359, based its ruling that the forwarding of the cheque is an added crime upon the adverbial clause in the "Stolen Property Act": " 'with unlawful or fraudulent intent.' " It recognized that in Kann v. United States, 323 U.S. 88, 65 S.Ct. 148, 89 L.Ed. 88, it had held that a swindler does not violate the "Mail Fraud Act," [3] when in pursuance of a fraudulent scheme he cashes in State A a cheque drawn upon a bank in State B, although he knows that it will be transported to State B. The crux of the opinion is in its concluding words, 323 U.S. on page 95, 65 S.Ct. on page 151: "one element of the offense defined by the statute, namely, that the mailing must be for the purpose of executing the fraud, is lacking." This is confirmed by the opening sentence of the minority opinion: "I hardly think we would set this conviction aside if the collecting bank instead of cashing the checks took them for collection only and refused to pay the defendants until the checks had been honored by the drawee." Unless we have altogether misapprehended the majority's ruling, that is just what they would have held, because then the transport of the cheques to the drawees would have been necessary to bring about the evil—the loss—against which the statute is directed. The distinction lay in the fact that on the occasion before it the bank had irretrievably paid out the money when it cashed the cheques, and

---

2.  § 2314, Title 18, U.S.Code.

3.  § 1341, Title 18, U.S.Code.

that their later transport was wholly irrelevant to the only loss. That was also our reasoning in United States v. Paglia, supra, 190 F.2d 445, but we applied it to a prosecution not under the "Mail Fraud Act," but under the "Stolen Property Act."

 In United States v. Sheridan, supra, 329 U.S. 379, 67 S.Ct. 332, the indictment, being found under the "Stolen Property Act," the Court had either to overrule, or to distinguish, Kann v. United States, supra, 323 U.S. 88, 65 S.Ct. 148, and, as it did not wish to overrule its decision, it found an adequate distinction in the adverbial phrase of the act: " 'with unlawful or fraudulent intent.' " The majority held that this had been added for the purpose of assisting the prosecution of the swindler by the state in which he gets the money, because, although the loss takes place in that state and he has fully accomplished his purpose, it will make detection of the crime easier and his escape harder, if he commits another crime when the bank which had paid him transports the cheque to the drawee. This interpretation was authoritative upon us when we decided United States v. Paglia, supra, 190 F.2d 445, but unfortunately, although it had been rendered more than four years before, we did not learn of it. We now recognize our error, and overrule our decision.

We cannot see that Pereira v. United States, 347 U.S. 1, 74 S.Ct. 358, 362, has any bearing upon the case at bar. In that case Pereira procured valid cheques from his victim which he presented for collection to El Paso and Kansas City banks, which did not cash them, but forwarded them to the drawee bank in Los Angeles to be cleared, after which they paid Pereira. So far as concerns the "Mail Fraud Act," when these banks sent the cheques to Los Angeles, it was in pursuance of the fraudulent scheme to get the money, and the only question open was whether Pereira "caused" the transport of the cheques to effect his purpose. As to the "Stolen Property Act," the prosecution was under the first paragraph of § 2314 that covers "securities * * * taken by fraud," which is the same crime.

Order affirmed.