UNITED STATES of America, Appellee,

v.

Ruben KIRBY and Allen Johnson, Defendants-Appellants.

No. 134, Docket 25736.

United States Court of Appeals Second Circuit.

Argued Nov. 20, 1959.

Decided Jan. 14, 1960.

Kevin Thomas Duffy, Asst. U. S. Atty., Southern District N. Y., New York City (George I. Gordon, Asst. U. S. Atty., and S. Hazard Gillespie, Jr., U. S. Atty., for the Southern District of N. Y., New York City, on the brief), for appellees.

Louis Kaye, New York City, for defendants-appellants.

Before MEDINA, MOORE and FRIENDLY, Circuit Judges.

PER CURIAM.

After a trial before Judge Murphy without a jury defendants were convicted of conspiracy to violate and of a substantive violation of the narcotics laws, and they appeal.

■ We find no merit in the contentions of appellants that the evidence was insufficient to support the findings of guilt on both counts of the indictment and that the entrapment of appellants was established as matter of law.

■ During the cross-examination of a government agent who testified for the prosecution counsel for appellants demanded the production of the transcript of the testimony of this witness before the Grand Jury for the purpose of impeachment. Upon inquiry it was ascertained that the Grand Jury minutes had not been transcribed. Nevertheless, and despite the admission by counsel on the application for bail to Judge Lumbard on August 13, 1958 that the request for the production of the minutes "was abandoned when the Assistant United States Attorney said they were not available," we are urged to reverse the judgments of conviction. It is clear, we think, that the rule of Jencks v. United States, 1957, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103, and the so-called Jencks Act, 18 U.S.C.A. § 3500, are not applicable to Grand Jury minutes. United States v. Zborowski, 2 Cir., 1959, 271 F.2d 661. Insofar as the point concerns the duty of the court to inspect the Grand Jury transcript for inconsistencies between the testimony of the government agent at the trial and his testimony before the Grand Jury there is nothing before us as the request for the transcript was in effect withdrawn. Had the transcript been available we have no doubt that Judge Murphy would have examined it and made available to counsel any parts that disclosed inconsistencies. Moreover, as the transcript is now available, we have ourselves compared the testimony of the witness before the Grand Jury with his testimony at the trial and have been unable to find any inconsistencies.

Affirmed.