William Rex BATY, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 16531.

United States Court of Appeals
Ninth Circuit.

Feb. 4, 1960.

Barbara Warner, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Robert John Jensen, Minoru Inadomi, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before STEPHENS, BARNES and KOELSCH, Circuit Judges.

PER CURIAM.

The appellant was convicted of violating Title 18 U.S.C. § 2314, for causing forged checks to be transported in interstate commerce. There was substantial evidence to support the conviction. The appellant was the only one who cashed the forged checks. The expert testified that the body of the checks were in his handwriting, and that he could have written the signatures. Two FBI agents said that he admitted forging four of them. The admissions were denied, but it is not the function of this court to reevaluate the evidence.

The checks were cashed in Long Beach, California, on the Farmers Bank of Emden, Missouri, and in the due course of business were presented to that bank for payment. 18 U.S.C. § 2314 reads as follows:

"Whoever, with unlawful or fraudulent intent, transports in interstate * * * commerce, any * * * forged * * * securities, knowing the same to have been * * * forged * * *

"Shall be fined not more than $10,000 or imprisoned not more than 10 years or both."

Prior to 1948, the words, "or causes to be transported," appeared in the section immediately after the word "transports." The reviser's note explains that the deletion was made possible by a change in the definition of a principal, which as amended now reads:

"Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States is punishable as a principal." 18 U.S.C. § 2(b).

The appellant argues that the last thing he wanted, when he cashed the checks,

was to have them presented for payment in Missouri, and that he cannot therefore be said to have caused their transportation in interstate commerce. See United States v. Paglia, 2d Cir., 190 F. 2d 445. This case has been specifically overruled in United States v. Taylor, 2d Cir., 217 F.2d 397. The argument is foreclosed by Pereira v. United States, 347 U.S. 1, 8–9, 74 S.Ct. 358, 98 L.Ed. 435. This also disposes of the contention that the jury instructions were erroneous.

■ Appellant's final contention is that the trial court erroneously denied a defense motion to examine an FBI report. The record shows, however, that before ruling on the motion, the court asked the attorneys to see if they could agree on which parts of the report had to be produced for inspection, and after a conference for this purpose, counsel for the appellant withdrew his motion.

Affirmed.