**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Bobby TAYLOR, alias Robert Harris,
Defendant-Appellant.**

**No. 15554.**

United States Court of Appeals
Seventh Circuit.

Feb. 16, 1967.

Rehearing Denied April 10, 1967
en banc.

William A. Barnett, Chicago, Ill., for appellant.

Edward V. Hanrahan, U. S. Atty., Lawrence Jay Weiner, Asst. U. S. Atty., Chicago, Ill., for appellee.

Before HASTINGS, Chief Judge, and CASTLE and SWYGERT, Circuit Judges.

HASTINGS, Chief Judge.

This is an appeal from a conviction of Bobby Taylor, alias Robert Harris, following a bench trial. Taylor was indicted in eight counts, four counts charging him with uttering and publishing forged United States Treasury checks, in violation of 18 U.S.C.A. § 495, a forgery statute; and four counts charging possession of the checks, in violation of 18 U.S. C.A. § 1708, a statute proscribing possession of stolen mail. Taylor was found guilty on all counts and sentenced to four and one-half years imprisonment on each of the eight counts, the sentences to run concurrently.

On August 30, 1965, at 2:30 p. m., Taylor was arrested and then held by Chicago police pursuant to a stop order based upon a federal warrant for his arrest.

At 5:00 p. m., United States Secret Service agents arrived at the police headquarters. One of the agents informed Taylor that he was under arrest, that he need not make a statement, and that he had a right to an attorney. After being shown photostatic copies of checks, Taylor made an oral statement, which was later reduced to writing by one of the agents and signed by Taylor. The length of this interview with Taylor was estimated to be between thirty and forty-five minutes.

After being taken to the Chicago Police Second District Headquarters for photographing and fingerprinting, Taylor was taken to the Secret Service office. There he was interrogated. At approximately 7:30 p. m., he read and signed a typed statement, dictated by an agent and based on the earlier interview, confessing the forgeries.

The following day, Taylor was taken before the United States Commissioner.

On appeal, it is contended that Taylor's confession was obtained in violation of Rule 5(a), Federal Rules of Criminal Procedure, 18 U.S.C.A.,[1] because it was given during a period of extended delay between his arrest on a federal warrant and his appearance before the United States Commissioner. It is also urged that the trial court committed reversible error in admitting Taylor's confession into evidence without conducting an independent hearing to determine its voluntariness.

With respect to the latter contention, Taylor, who was represented by court-appointed counsel, did not, at any time prior to or during his trial, request a hearing on the question of the voluntariness of his confession. Nor was any objection or motion made opposing the admission of the confession. Similarly, the contention that the confession was obtained in violation of Rule 5(a) was not presented to the trial court.

Generally, errors not affecting fundamental rights are subject to "considerations of fairness to the court and to the parties and of the public interest in bringing litigation to an end after fair opportunity has been afforded to present all issues of law and fact." United States v. Atkinson, 297 U.S. 157, 159, 56 S.Ct. 391, 80 L.Ed. 555 (1936). In criminal cases, however, appellate courts may notice plain errors or defects affecting substantial rights, even when not brought to the attention of the trial court. Rule 52(b), Federal Rules of

1. "An officer making an arrest under a warrant issued upon a complaint or any person making an arrest without a warrant shall take the arrested person without unnecessary delay before the nearest available commissioner or before any other nearby officer empowered to commit persons charged with offenses against the laws of the United States. When a person arrested without a warrant is brought before a commissioner or other officer, a complaint shall be filed forthwith." Rule 5(a), Federal Rules of Criminal Procedure, 18 U.S.C.A.

Criminal Procedure, 18 U.S.C.A.; United States v. Jones, 7 Cir., 204 F.2d 745 (1953), cert. den., 346 U.S. 854, 74 S.Ct. 67, 98 L.Ed. 368 (1953).

The contentions on appeal have required us to examine the errors alleged to discover whether Taylor's rights were in fact affected by them. We conclude that they were not and that the trial court did not err.

The essential question raised by the admission into evidence of Taylor's confession is whether the trial court is permitted to presume the voluntariness, and therefore the admissibility of a confession from the fact that defense counsel does not object to its introduction.

■ If the trial was to the jury, it would be incumbent upon the trial judge to make his own determination that the confession was voluntary before submission to the jury. Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964); United States v. Inman, 4 Cir., 352 F.2d 954 (1965).

Unlike the instant case, *Jackson* and *Inman*, which Taylor has cited in support of his contention, involved jury trials and objections to the introduction of the confessions into evidence. The question in these cases was not whether a determination should have been made as to the voluntariness of the confessions, but whether the confessions were *properly determined* to be voluntary. *Proper* determination required the trial judge to conduct a voluntariness hearing and to find the confession voluntary before the confession was submitted to the jury for its consideration. Here we have no question regarding the proper determination of voluntariness, but rather the question whether voluntariness should have been an issue and whether it is a trial court's responsibility to raise it when defense counsel fails to do so.

■ We emphasize that Taylor has not asserted his confession was inadmissible, but only that its admissibility was never questioned by the trial judge. To *require* a hearing when no objection of any kind has been made to the admission

into evidence of a confession would place a greater responsibility upon the trial judge than upon defendant's counsel to protect the very rights it is the lawyer's function to insure. Such cynicism, with respect either to retained or appointed counsel, has no present warrant.

In the instant case, there was no showing as to the inadequacy of trial counsel. The record does not reveal it. It is rather to be presumed, given the widespread legal suspicion of confessions, that if no objection was made, there was none to be made.

Certain alerting circumstances, such as a defendant's apparent abnormal mental or physical condition, obvious ignorance, or lack of awareness—all of which may reveal a dereliction in defense counsel's failure to object to the introduction of a confession—may, under due process standards, require a trial judge to investigate the necessity of conducting a hearing notwithstanding the absence of an objection. Such circumstances have not been shown here.

In short, the question of the admissibility of the confession was settled by the failure to raise it, and nothing has been shown which would cause us, on appeal, to pass upon the admissibility of the confession. Cf. United States v. Bolden, 7 Cir., 355 F.2d 453 (1965), cert. den., 384 U.S. 1012, 86 S.Ct. 1919, 16 L.Ed.2d 1018 (1966); United States v. Childress, 7 Cir., 347 F.2d 448 (1965), cert. den., 384 U.S. 1012, 86 S.Ct. 1936, 16 L.Ed.2d 1030 (1966); United States v. Del Llano, 2 Cir., 354 F.2d 844 (1965).

■ With respect to the contention that Rule 5(a) was violated, we do not find this an appropriate case for the application of the *Mallory* rule, that is, exclusion of a confession by a federal court because of an unnecessary delay in presenting the defendant to a United States Commissioner. Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479 (1957).

■ Taylor was arrested and held from 2:30 p. m. to 5:00 p. m. by Chicago police pursuant to federal warrant. This

did not amount to federal custody for purposes of the *Mallory* rule, for Chicago police have no responsibility or authority to arraign on federal charges. Furthermore, the delay in placing Taylor under federal custody has not been shown to have been due to federal responsibility, to have been unnecessary, intended to avoid taking him before a magistrate, or designed to elicit a statement from him. At most, the local custody must be taken into account in determining the reasonableness of the delay that occurred after federal agents took custody. Muldrow v. United States, 9 Cir., 281 F.2d 903, 905 (1960).

When Taylor was finally taken into federal custody at 5:00 p. m., appropriate cautionary statements were made. At that time, photostatic copies of checks were shown to Taylor and he made a statement which was reduced to writing at approximately 7:00 p. m. During the time Taylor was in federal custody that evening, the United States Commissioner, whose office hours in the Northern District of Illinois are from 10:00 a. m. to 4:30 p. m., was not available. Taylor was taken before the Commissioner on the next day.

█ Under Rule 5(a), delay after a confession is not as significant as delay before it. Heideman v. United States, 104 U.S.App.D.C. 128, 259 F.2d 943, 945 (1958), cert. den., 359 U.S. 959, 79 S.Ct. 800, 3 L.Ed.2d 767 (1959). Thus, we are essentially concerned with the thirty to forty-five minute delay occurring after 5:00 p. m.

█ The problem of delay is to be solved by determining whether the delay which occurred was in fact unnecessary when the sum total of the circumstances shown is considered. See Muschette v. United States, 116 U.S.App.D.C. 239, 322 F.2d 989, 991 (1963), vacated and remanded on other grounds, 378 U.S. 569, 84 S.Ct. 1927, 12 L.Ed.2d 1039 (1964).

█ We agree with Taylor that the availability of a Commissioner is not the sole criterion by which to determine whether a delay violates Rule 5(a).

However, the unavailability of a Commissioner until the next morning may explain the necessity for delay, and failure to make presentment for that reason does not violate Rule 5(a). Cf. United States v. Vita, 2 Cir., 294 F.2d 524, 529 (1961), cert. den., 369 U.S. 823, 82 S.Ct. 837, 7 L.Ed.2d 788 (1962); United States v. Ladson, 2 Cir., 294 F.2d 535, 537 (1961), cert. den., 369 U.S. 824, 82 S.Ct. 840, 7 L. Ed.2d 789 (1962). See Holt v. United States, 8 Cir., 280 F.2d 273 (1960), cert. den., 365 U.S. 838, 81 S.Ct. 750, 5 L.Ed. 2d 747 (1961).

In support of his contentions Taylor cites Alston v. United States, 121 U.S. App.D.C. 66, 348 F.2d 72 (1965); United States v. Middleton, 2 Cir., 344 F.2d 78 (1965); Jones v. United States, 119 U. S.App.D.C. 284, 342 F.2d 863 (1964); Greenwell v. United States, 119 U.S.App. D.C. 43, 336 F.2d 962 (1964), cert. den., 380 U.S. 923, 85 S.Ct. 921, 13 L.Ed.2d 807 (1965) and Ricks v. United States, 118 U.S.App.D.C. 216, 334 F.2d 964 (1964). In most of these cases, a magistrate was available at the time the confession took place. Furthermore, in *Greenwell*, the presentment was delayed *for the purpose* of producing evidence. In *Middleton*, the purpose of the detention was to keep the accused in custody for an indefinite period until he confessed. *Ricks* involved, unlike the instant case, rather extensive questioning, line-ups and confrontations.

█ In the instant case, the delay in presentment was necessary insofar as a Commissioner was not available at the time of Taylor's detention. This delay was not converted into an unlawful delay by the fact that a statement was readily given by Taylor, notwithstanding a warning as to his rights, when he was faced with incriminating evidence.

Had the question of violation of Rule 5(a) been brought to the attention of the trial court, so that it could have taken evidence on the matter, there would have been a more substantial record on appeal. As the record stands, no prima facie case has been made that Rule 5(a) was violated. Cf. Williams v. United States,

**758**

9 Cir., 273 F.2d 781, 798 (1959), cert. den., 362 U.S. 951, 80 S.Ct. 862, 4 L.Ed.2d 868 (1960); Porter v. United States, 103 U.S.App.D.C. 385, 258 F.2d 685 (1958), cert. den., 360 U.S. 906, 79 S.Ct. 1289, 3 L.Ed.2d 1257 (1959).

William A. Barnett, a reputable member of the Chicago Bar, represented Taylor on this appeal by appointment of this court, pursuant to the Criminal Justice Act of 1964. We commend Mr. Barnett for his services in this case.

The judgment of conviction is affirmed.

Affirmed.