Maxine J. LA BRASCA, Petitioner-Appellant,

v.

John MISTERLY, Sheriff, Sacramento County, et al., Respondents-Appellees.

No. 23023.

United States Court of Appeals Ninth Circuit.

Feb. 24, 1970.

---

S. Carter McMorris (argued), Sacramento, Cal., for petitioner-appellant.

Nelson P. Kempsky (argued), Deputy Atty. Gen., Thomas C. Lynch, Atty. Gen. of California, Sacramento, Cal., for respondents-appellees.

Before CHAMBERS and BROWNING, Circuit Judges, and THOMPSON,* District Judge.

PER CURIAM:

Petitioner was convicted in state court of driving an automobile while under the influence of liquor and driving an automobile with a suspended license. Her sentence on the second charge was stayed pending completion of her sentence on the first charge.

She filed a petition for habeas corpus alleging constitutional infirmities in both convictions. The district court concluded that her conviction for driving while under the influence of liquor was free of constitutional error, but that the state trial judge violated her constitutional rights by failing to hold a hearing on the voluntariness of certain admissions pursuant to Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). However, the court denied relief on the ground that petitioner was not presently in custody under the sentence imposed on the latter charge.

Petitioner first contends that there was a total absence of evidence of guilt on either charge, and that her convictions were therefore unconstitutional under the doctrine of Shuttlesworth v. Birmingham, 382 U.S. 87, 86 S.Ct. 211, 15 L.Ed.2d 176 (1965), and Thompson

v. Louisville, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960). We have examined the record and are satisfied that this contention is without merit.

Petitioner's second contention is that she was denied a fair trial by reason of erroneous instructions to the jury, errors in law in the admission of evidence, and improper comments by the district attorney and the state court judge. Each of these individual errors raises questions of state law only, and we are satisfied from our examination of the record that they do not, cumulatively, rise to the level of a denial of due process. Bizup v. Tinsley, 316 F.2d 284, 285 (10th Cir. 1963); Grundler v. North Carolina, 283 F.2d 798, 802 (4th Cir. 1960).

Petitioner's third and principal contention is that she was denied due process by the admission against her of testimony that she refused to submit to a test to determine the amount of alcohol in her blood. The arguments petitioner makes in support of this contention were rejected by this court in Newhouse v. Misterly, 415 F.2d 814 (9th Cir. 1969), decided while the present appeal was pending.

The ground upon which the district court denied relief for the asserted failure of the state court to accord petitioner the rights announced in Jackson v. Denno was rendered untenable by the Supreme Court's decision in Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968), decided subsequent to the district court's order. However, we think the district court's action was proper upon another ground. Petitioner was entitled to a hearing and independent determination by the state trial judge on the issue of the voluntariness of her admissions only if she requested such a hearing and determination, or at least brought to the trial court's attention that she was objecting to the use of admissions on the ground that they were

* Honorable Bruce R. Thompson, Judge of the United States District Court for the District of Nevada, sitting by designation.

involuntary. United States v. Frazier, 385 F.2d 901, 903 (6th Cir. 1967); Evans v. United States, 377 F.2d 535, 537 (5th Cir. 1967). An examination of the transcript of the state trial demonstrates that petitioner failed to do either.

Affirmed.