Cleo F. BYRD, Petitioner-Appellant,

v.

Howard M. COMSTOCK, Respondent-Appellee.

No. 24694.

United States Court of Appeals, Ninth Circuit.

Sept. 22, 1970.

938

Cleo R. Byrd, in pro. per.

Thomas C. Lynch, Atty. Gen., William E. James, Asst. Atty. Gen., Jeffrey S. Wohlner, Deputy Atty. Gen., Los Angeles, Cal., for respondent-appellee.

Before BARNES, BROWNING and DUNIWAY, Circuit Judges.

PER CURIAM:

Petitioner, a California state prisoner, appeals from an order denying his petition for writ of habeas corpus. Petitioner and a co-defendant, who were represented by the same attorney, were convicted of robbery after joint trial before a judge sitting without a jury.

Petitioner's claims arise from use at trial, without objection, of a statement given to the police by petitioner's co-defendant.

█ Petitioner complains that the record does not establish that his co-defendant was given the warnings required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) before her statement was taken. But the purpose of such warnings would have been to safeguard the co-defendant's privilege against self incrimination, a right personal to her. Petitioner may not complain of the violation of his co-defendant's right, if any occurred. People v. Varnum, 66 Cal.2d 808, 812–813, 59 Cal.Rptr. 108, 427 P.2d 772 (1967); Cf. Alderman v. United States, 394 U.S. 165, 171–176, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969).

█ This also disposes of petitioner's complaint that the trial court did not make a specific determination of voluntariness of his co-defendant's statement. In addition, (1) there was no notice to the trial judge that the voluntariness of the statement was challenged. LaBrasca v. Misterly, 423 F.2d 708 (9th Cir. 1970); and (2) there was no jury involved. United States v. Taylor, 374 F.2d 753, 756 (7th Cir. 1967).

█ Finally, since petitioner's co-defendant took the stand, Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), affords petitioner no comfort absent circumstances which rendered the apparent opportunity to cross-examine illusory. Petitioner cites O'Neill v. Nelson, 422 F.2d 319, 320–321 (9th Cir. 1970), in which the co-defendant denied having made the statement. However, petitioner's co-defendant admitted making the statement. As petitioner points out, his co-defendant testified that the statement was only partially true, but obviously this did not preclude cross-examination on those portions of the statement inculpating the defendant—it invited such inquiry. The fact that petitioner and his co-defendant were represented by the same counsel does not provide an automatic basis for relief under O'Neill. Presumably, the possibility of a conflict of interest was explored when petitioner and his co-defendant retained common counsel. Moreover, the only ground upon which petitioner challenges the accuracy of the statement is that it was a product of police coercion, and there is no apparent reason why cross-examination directed to that issue would have prejudiced either client.

Finally, since the case was tried to a judge and not to a jury, the consideration which underlies Bruton (that a jury is incapable of limiting its consideration of such a statement to the declarant) was not present.

Affirmed.