Julius J. GRIECO, Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 17818.

United States Court of Appeals,
Seventh Circuit.

Nov. 4, 1970.

John Powers Crowley, Chicago, Ill., for petitioner-appellant.

William J. Bauer, U. S. Atty., John Simon, Asst. U. S. Atty., Chicago, Ill., for respondent-appellee; John Peter Lulinski, Jeffrey Cole, Asst. U. S. Attys., of counsel; assisted by Gary L. Starkman, Ford Foundation Intern.

Before SWYGERT, Chief Judge, DUFFY, Senior Circuit Judge, and KILEY, Circuit Judge.

SWYGERT, Chief Judge.

This is an appeal from the denial of a petition filed pursuant to 28 U.S.C. § 2255 in which Julius J. Grieco asked the district court to vacate his sentence and conviction. Petitioner was convicted of conspiracy to use the mails in a scheme to defraud and of unlawfully causing the transportation in interstate commerce of forged or falsely altered securities. On appeal this court affirmed the conviction, United States v. Doran, 299 F.2d 511, and certiorari was denied, 370 U.S. 925, 82 S.Ct. 1565, 8 L.Ed.2d 505 (1962). The Government's proof is fully set forth in the opinion of this court in that appeal.

At trial two Federal Bureau of Investigation agents testified about certain

incriminatory oral admissions made to them by petitioner during the investigation which led to his indictment. According to petitioner, neither agent advised him that he was a possible defendant or of his fifth amendment rights against self-incrimination. Although petitioner objected to the admission of the statements on the ground of relevancy, he did not question their voluntariness or move to suppress them.

Since the interviews in question were conducted prior to the decision in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and further since the holding in that case may not be applied retroactively, Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966), petitioner concedes that *Miranda* is not applicable. Nonetheless, he argues that the failure to give *Miranda* warnings in cases predating that decision is a significant factor in determining the voluntariness of incriminatory statements, citing Davis v. North Carolina, 384 U.S. 737, 86 S.Ct. 1761, 16 L.Ed.2d 895 (1966). His position is that the absence of such warnings made the voluntary nature of his statements suspect and, therefore, pursuant to Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), a preliminary hearing out of the presence of the jury was required before petitioner's admissions could be admitted into evidence.

■■ Ordinarily, petitioner's failure to object to the admission of the statements on the basis of voluntariness would foreclose his contention that he should have been afforded a voir dire hearing to determine voluntariness. This is especially true where, as here, the circumstances of the interrogation make clear that there could have been no indicia of involuntariness available to flag the issue other than some minimal assertion by petitioner that the admissions were not fully voluntary, and the opportunity to pose the question of voluntariness has been previously ignored by petitioner at trial, in this court, and in the Supreme Court. Unless special circumstances exist, the trial court is not obliged sua sponte to conduct a voluntariness hearing. United States v. Reid, 410 F.2d 1223, 1228 (7th Cir. 1969); United States v. Taylor, 374 F.2d 753, 756 (7th Cir. 1967).

Petitioner attempts to avoid the necessity of objecting or moving to suppress his statements by referring to Kaufman v. United States, 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969). That case stands for the proposition that post-conviction relief under section 2255 is available to protect constitutional rights in a criminal proceeding and that federal prisoners are not necessarily confined to direct appeals in vindicating those rights. But it does not support petitioner's broad claim that he was relieved of objecting to the admission of the statements on the basis of voluntariness. Indeed, the Supreme Court in *Kaufman* declared that a court entertaining a section 2255 petition "may in a proper case deny relief to a federal prisoner who has deliberately bypassed the orderly federal procedures provided at or before trial and by way of appeal." 394 U.S. at 227 n. 8, 89 S.Ct. at 1075.

In ruling on the petition, the district judge specifically found that the record is barren of any evidence of coercion or that the petitioner was "under any pressure of unrelenting interrogation." Petitioner does not challenge this determination. Indeed, he makes no claim of involuntariness save the absence of warnings that are now required by *Miranda*. And on that score, the record shows that the interviews were conducted in a noncustodial setting, thereby rendering the warnings unnecessary even if *Miranda* were applicable. In these circumstances, petitioner's claim of involuntariness is not of the order to bring it within the ambit of *Kaufman* and thereby excuse his failure to object to the admission of the statements or to move to suppress.

■ Petitioner should not at this late date be permitted to assert a claim of involuntariness on the basis he now alleges when there is no showing that he was

prevented from making that assertion during the trial or on appeal. Simply because later Supreme Court decisions may, at best, lend a colorable basis for questioning the voluntariness of petitioner's statements does not require us to hold that the trial judge should have been clairvoyant and anticipated the holdings in those cases.

The denial of the petition is affirmed.