**UNITED STATES of America, Plaintiff-Appellant,**

v.

**Dennis Patrick SULLIVAN, Defendant-Appellee.**

**No. 25859.**

United States Court of Appeals, Ninth Circuit.

Nov. 23, 1970.

Rehearing Denied Jan. 6, 1971.

Jeremiah F. Hallisey (argued), Walnut Creek, Cal., for appellant.

Tommy Hawk (argued), Asst. U. S. Atty., Sidney I. Lezak, U. S. Atty., Portland, Or., for appellee.

Before HAMLIN, BROWNING and WRIGHT, Circuit Judges.

PER CURIAM:

Sullivan was convicted on two counts of robbing two federally insured banks in violation of 18 U.S.C. § 2113(a). His principal contention on appeal is that the trial court erred in not severing the trials of Sullivan and his co-defendant Binning and in admitting Binning's statement, which implicated Sullivan, in violation of his rights under Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). We affirm.

Well before the trial date, counsel for the government advised both defense counsel by letter that he intended to offer in evidence the oral admissions of Binning to F.B.I. agents. He enclosed copies of the Binning statements.

Again, shortly before trial, the government in a trial memorandum advised the court and opposing counsel that the Binning's "admissions implicate not only the defendant Binning but, also, the defendant Sullivan as well."

Before trial the district attorney suggested separate trials for Binning and Sullivan and advised the court that the government would not resist a motion for severance if made by defendants. Counsel for Binning rejected the suggestion, saying: "It's our plan to try them together, your Honor."

Upon the hearing of a motion to suppress, the government again indicated a willingness to have a severance. Both counsel rejected the suggestion.

When, during the trial, Sullivan's counsel moved for a severance, defendant responded: "I have an objection to that, your Honor," and advised the court that he wished to proceed with a joint trial.

There followed a conference between defense counsel and defendants, and the court was advised that "both are adamant that we continue with a joint trial." The record is clear that Sullivan's insistence was despite contrary advice of his counsel.

The oral admission of Binning was offered through the testimony of a government agent. Binning's counsel objected on the ground that Binning had not promptly been taken before a commissioner, and referred the court to Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479 (1957). Counsel for Sullivan added: "Oh, your Honor, may the record show that on behalf of defendant Sullivan I would join in that objection."

Before the statement was related the court told the jury:

"If you find the statement made by Binning to be voluntary beyond a reasonable doubt, you may consider it as evidence only against the defendant Binning. It may not be considered by you as any evidence against the defendant Sullivan. This is important enough to repeat: It may not be

considered by you as any evidence against the defendant Sullivan."

Again, in its formal instructions, the court admonished the jury that Binning's statement could not be considered against Sullivan.

Appellant asserts that the admission of the statement was a denial of his right to confrontation, since his co-defendant Binning did not take the stand and could not be cross-examined regarding it. Bruton v. United States, *supra*.

■ We hold that on this record Sullivan cannot assert the joint trial as error on direct appeal from his conviction. Sullivan did not object to the joint trial, nor was there any objection to the admission of Binning's statement upon the ground now urged. When his counsel moved for severance, Sullivan strongly insisted that the joint trial continue. In effect, he withdrew his counsel's motion, and there was nothing before the trial court for a ruling. *Cf.* Baty v. United States, 275 F.2d 310, 311 (9th Cir. 1960); United States v. Kirby, 273 F.2d 956, 957 (2d Cir. 1960). The posture of this case on appeal is thus no different than had Sullivan and his counsel resolved their disagreement outside the courtroom. Under these circumstances, we decline to consider on appeal what Sullivan disclaimed below. *See* Richard v. United States, 315 F.2d 331, 334 n. 5 (1st Cir. 1963). Even assuming that counsel's motion for severance was properly before the court, we do not think that Sullivan can here urge as error a procedure he insisted upon at trial. *See* Tucker v. United States, 375 F.2d 363, 367 (8th Cir. 1967); United States v. Kahn, 366 F.2d 259, 265 (2d Cir. 1966); Roe v. United States, 316 F.2d 617, 625 (5th Cir. 1963).

We do, of course, have discretion to recognize plain error even if it was not brought to the trial court's attention. Unless, however, we were to hold that the court should have ordered severance on its own motion, over Sullivan's objection, we cannot say that it was error at all for the court to refuse to deny Sullivan's desire for a joint trial. "We decline to indulge in speculation in an effort to make plain that which is not discernible in the record." Barba-Reyes v. United States, 387 F.2d 91, 93 (9th Cir. 1967).

■ We reject appellant's other assignments of error as having no merit. First, Binning's statement was made voluntarily after a knowing waiver of his *Miranda* rights, and was therefore admissible. Note Byrd v. Comstock, 430 F.2d 937 (9th Cir. 1970), which held that a defendant did not have the standing to raise a co-defendant's personal rights under *Miranda*.

■ Second, Sullivan contends that he was represented by incompetent counsel. The present record does not establish inadequate representation sufficient for reversal.[1] We have recently pointed out that generally "the contention of inadequate representation is not available on direct review absent a record disclosing preservation of the claimed error in the trial court unless the inadequacy of representation was so gross on the face of the record as to constitute a denial of due process in the constitutional sense." United States v. Johnson, 434 F.2d 827 (9th Cir. 1970). Our review of the record does not disclose that Sullivan's legal representation was so inadequate that the trial court's failure to notice it sua sponte was plain error that we may consider on direct appeal. *See* United States v. Porter, 431 F.2d 7 (9th Cir. 1970).

■ Finally, Sullivan was not denied a copy of the grand jury minutes, because he did not ask for them. Further, he demonstrated no "particularized

---

1. "Defendant did not bring this matter to the attention of the trial court and seek a ruling thereon, either during the course of the trial or on motion for a new trial. Thus he does not complain of any trial court ruling in this regard. Arguments of this kind are ordinarily advanced for the first time in collateral proceedings under 28 U.S.C. § 2255, because they usually require the development of facts outside the trial record." United States v. Porter, 431 F.2d 7 (9th Cir. 1970).

need" for the minutes which would outweigh the policy of secrecy. Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 79 S.Ct. 1237, 3 L.Ed.2d 1323 (1959).

The decision of the district court is affirmed.