Anthony NANCE, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

Nos. 18684, 18685 and 18686.

United States Court of Appeals, Seventh Circuit.

April 15, 1971.

**618**

W. Donald McSweeney, Chicago, Ill., for petitioner-appellant; Schiff, Hardin, Waite, Dorschel & Britton, Chicago, Ill., of counsel.

William J. Bauer, U. S. Atty., Donald C. Shine, Asst. U. S. Atty., Chicago, Ill., for respondent-appellee; John Peter Lulinski, Jeffrey Cole, Asst. U. S. Attys., of counsel.

Before HASTINGS, Senior Circuit Judge, and KILEY and KERNER, Circuit Judges.

KERNER, Circuit Judge.

Petitioner-appellant, Anthony Nance, is presently incarcerated in the Federal Penitentiary at Marion, Illinois, under two concurrent forty-month sentences imposed for violations of 18 U.S.C. § 111 and 26 U.S.C. § 4742(a). Petitioner was sentenced by the district court pursuant to the opinion and mandate of this court in Nance v. United States, 422 F. 2d 590 (7th Cir. 1970). In that case, brought by Nance *pro se*, we held that the trial judge had failed to properly advise the defendant of his rights to appeal and to proceed with such appeal *in forma pauperis* under Rule 32(a) (2) of the Federal Rules of Criminal Procedure. This appeal represents the first opportunity for petitioner to seek review of alleged errors which occurred during his criminal trial proceedings.

## I.

Appellant was indicted in two counts for use of a deadly and dangerous weapon to assault and interfere with an agent of the Federal Bureau of Narcotics, knowing him to be such an officer engaged in the performance of his official duties. 18 U.S.C. § 111.[1] Nance was also indicted in two counts for transferring marijuana to a Federal Agent not in pursuance of a written order on the appropriate form issued by the Secretary of the Treasury or his delegate (26 U.S.C. § 4742(a)) and for knowingly receiving and concealing marijuana which had been unlawfully imported into the United States. 21 U.S.C. § 176a.

Nance pled not guilty to each of the four counts and his case was consolidated with that of his alleged accomplice. At the outset of trial, Nance's attorney expressed the view that he was not

1. In Count I of the indictment, Nance was charged with so assaulting Agent Frank J. Boyles, and in Count II of the indictment, Nance was charged with so assaulting Agent Anthony S. Pohl.

ready to try the case, although he did not make a motion for a continuance.

The portion of the trial proceedings here in issue is concerned with Nance's apprehension by Federal Agents. Nance, after transferring marijuana to Agent Boyles, began walking away rapidly; Boyles shouted "Federal Agent—You are under arrest," and shots were exchanged between Nance and Boyles. Agent Pohl finally apprehended Nance after a struggle and with the assistance of two other agents. At this point Agent Boyles arrived at the arrest scene and, believing Nance not yet subdued, asked Nance where his weapon was located. Nance replied, "It is underneath the car." None of the officers advised the petitioner of his constitutional rights until after they had placed him under arrest and obtained his admission as to the whereabouts of his weapon. Nance's attorney, however, made no motion to suppress Nance's admissions or his weapon, and failed to object to their reception into evidence.

Following the testimony of the agents, the government proposed to call a chemist who would testify that the substance seized from Nance was marijuana. Before the witness was called, Nance's trial counsel proposed the following stipulation:

> Perhaps we can save the last witness, if Mr. Gassaway [counsel for co-defendant] stipulates it is all marijuana. I don't know if it is or not, but if he will so testify—

After the close of all the evidence, the trial judge found Nance guilty on three of the four counts [2] and set a sentencing date. It was determined by our decision in Nance v. United States, *supra*, that the trial judge failed to properly advise

Nance of his appellate rights at that sentencing proceeding. That case was heard in this court pursuant to Nance's appeal from the district court's denial of his petition under 28 U.S.C. § 2255 which alleged, *inter alia*, that Nance had not been advised of his appeal rights. The government, which had the only copy of the trial transcript, urged that Nance's motion be denied without hearing since inconsistent statements in Nance's motion revealed that he knew of his appellate rights. However, a reading of the sentencing transcript discloses that Nance had not been advised of those rights by the trial judge, and the error complained of was corrected on remand. Nance v. United States, *supra*.

## II.

We are first presented with the question of whether petitioner deliberately by-passed the assertion of his Miranda [3] rights by failing to move to suppress the alleged improper evidence at trial.[4] Petitioner would apparently have us believe that the question is settled by Fay v. Noia, 372 U.S. 391, 439, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), and Tucker v. United States, 427 F.2d 615, 617, n. 9 (D.C. Cir. 1970), since no hearing has been held to determine whether petitioner participated in counsel's choice of deliberate by-pass. However, it is clear that this is not the law. In Henry v. Mississippi, 379 U.S. 443, 451, 85 S.Ct. 564, 569, 13 L.Ed.2d 408 (1964), which was a direct appeal, the Court indicates that " * * * counsel's deliberate choice of * * * strategy would amount to a waiver binding on petitioner and would preclude him from a decision on the merits of his * * * claim * * *."

---

2. Nance was found not guilty in the original trial proceeding of one of the counts alleging violation of 18 U.S.C. § 111. On remand, following our decision in Nance v. United States, *supra*, the count charging Nance with violation of 21 U.S.C. § 176 (a) was dismissed on motion of the government. See Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57

(1969); Buie v. United States, 396 U.S. 87, 90 S.Ct. 284, 24 L.Ed.2d 283 (1969).

3. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

4. As previously noted, trial counsel also made no objection when the weapon and admission were received in evidence.

Petitioner seeks to avoid the result of *Henry v. Mississippi, supra,* by the statement of this court in United States v. Taylor, 374 F.2d 753, 755 (7th Cir. 1967), where we noted that " * * * appellate courts may notice plain errors or defects affecting substantial rights, even when not brought to the attention of the trial court." Yet, in *Taylor* we also stated that the effect of a general rule requiring a hearing when no objection has been made to allegedly improper evidence "would place a greater responsibility upon the trial judge than upon defendant's counsel to protect the very rights it is the lawyer's function to insure." United States v. Taylor, *supra,* at 756. Certainly none of the alerting circumstances outlined in *Taylor,* such as defendant's apparent abnormal mental or physical condition, obvious ignorance, or lack of awareness, were present in this case to place the trial judge on notice to conduct, *sua sponte,* a hearing notwithstanding the absence of an objection. United States v. Taylor, *supra*; Grieco v. United States, 7 Cir., 435 F.2d 677 (1970).

We are thus left with the question of whether we can determine from the record that the failure of counsel to attempt to suppress defendant's gun and statement resulted from deliberate trial strategy. We conclude it is evident from the record that counsel deliberately chose not to raise the issues; trial counsel discloses this in his opening statement to the trial court:

> The evidence will further show that when Nance was about 60 feet away the agent pulled his revolver and then announced that he was an FBI agent and stepped away from Faulkes and leveled his gun down and shot at this man, shooting through the back of his coat, hitting just the top of his shoulder.

> Thereafter Nance then pulled a gun, when he was more than 60 or 75 feet and running away, and shot it in the air but never turned to shoot toward this officer at all.

Nance, who was the only witness called by the defense aside from his co-defendant, testified in accord with this statement. Nance stated that he did not fire in the direction of the agent, did not know he was an agent, and carried a gun because of the nature of his job. The alleged improper evidence is not only consistent with this theory of defense, but also a logical predicate to it. Because of this factor, we hold that petitioner deliberately by-passed raising the *Miranda* issues at trial and thus is precluded from raising them here.

### III.

Petitioner next contends that his convictions must be reversed because of the incompetency of his trial counsel. Petitioner relies primarily on (1) counsel's failure to make a pre-trial motion to suppress the alleged improper evidence; (2) counsel's failure to adequately prepare petitioner's case; and (3) counsel's stipulation that certain government exhibits contained marijuana when he did not know this to be true.

We have already discussed the first claim, and all that need be noted here is that in terms of the government's evidence, it was a reasonable defense decision for Nance to testify in his own behalf. Since counsel could not advise petitioner to perjure himself, counsel's strategy, in seeking to explain Nance's possession of a dangerous weapon and in negating the inference that Nance fired at the Federal Agent, falls far short of incompetency.

Trial counsel's statement that he was not prepared cannot, *ipso facto,* amount to incompetency. In fact, not even petitioner claims that it was error for the trial judge to fail to provide for a continuance, *sua sponte.* Likewise, counsel's stipulation as to certain government exhibits as being marijuana cannot, alone, conclude a determination of incompetency. We are required to look at the record as a whole, the issues involved, and the availability of witnesses in determining whether trial counsel was ill-prepared, De Roche v. United

States, 337 F.2d 606 (9th Cir. 1964), or incompetent. Considered in this posture, petitioner has no claim of constitutional dimension. All the prosecutor's witnesses were vigorously cross-examined by defense counsel, and no theory of defense, other than the one used by counsel, has been suggested to this court. Thus, Reece v. Georgia, 350 U.S. 85, 76 S.Ct. 167, 100 L.Ed. 77 (1955), is inapplicable.

## IV.

■ Petitioner's final argument arises from the district court's denial of Nance's *pro se* Section 2255 motion which was reversed in Nance v. United States, *supra*. Nance argues in this appeal that Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), requires reversal of all convictions because the government deliberately concealed from the district court that Nance had not been advised of his appellate rights. The government replies: "By not denying Nance's averment [that he had not been apprised of his appeal rights], the Government admitted, under Rule 8(d) of the Federal Rules of Civil Procedure, that the transcript did not include Nance's being advised of his appellate rights. Thus, the Government could not conceivably conceal that which it had admitted." [5] Nance argues that this amounts to a government admission of concealment since employment of sophisticated rules of pleading against a *pro se*, incarcerated petitioner, who did not have access to the transcript, could only result in denial of that motion.[6] However, we are at a loss to see how this argument leads to the conclusion that Nance's convictions should be set aside. As was stated in Pollard v. United States, 352 U.S. 354, 362, 77 S.Ct. 481, 486, 1 L.Ed.2d 393 (1957): "Error in the course of a prosecution resulting in conviction calls for the correction of

the error, not the release of the accused." This is especially true here since the error was unrelated to the merits of the case and has already been corrected by this court. Certainly petitioner was entitled to a timely review of his convictions, and we so held, but minimal delay in hearing that review does not amount to material prejudice requiring reversal of convictions. Rodriguez v. United States, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969); United States v. Smith, 387 F.2d 268 (6th Cir. 1967).

For the foregoing reasons, the decision appealed from is affirmed.

Affirmed.

---

**5.** Pursuant to government request, the district court denied Nance's motion without hearing.

**6.** The government motion to strike appellant's reply brief, because of counsel's accusations of wilful, conscious, and purposeful abridgement of Nance's rights, is denied.