**UNITED STATES of America ex rel. Theodore R. LEWIS, Petitioner-Appellant,**

v.

**Frank J. PATE, Warden, Respondent-Appellee.**

**No. 18706.**

United States Court of Appeals, Seventh Circuit.

July 15, 1971.

Stanley J. Horn, Chicago, Ill., for petitioner-appellant.

James R. Streicker, Asst. Atty. Gen., Chicago, Ill., William J. Scott, Atty. Gen. of Illinois, Joel M. Flaum, First Asst. Atty. Gen., Warren K. Smoot, Asst. Atty. Gen., Chicago, Ill., for respondent-appellee.

Before SWYGERT, Chief Judge, and FAIRCHILD and PELL, Circuit Judges.

PELL, Circuit Judge.

This is an appeal from the dismissal by the district court of a petition for a writ of habeas corpus. Petitioner, Theodore R. Lewis, is currently serving a sentence of 30 years to life pursuant to conviction by a jury in a state court on a charge of armed robbery. All available state remedies have been exhausted. Lewis on appeal devotes a substantial portion of his brief to the fact that none of the twenty-five to thirty occupants of the robbed tavern identified Lewis as one of the hold-up men. While this assertion does not reflect upon the issue before us we note because of the assertion having been made that the police were called by a janitor who observed the robbery. The two gunmen involved left by a rear door before the police arrived. The officers promptly obtained a description and within moments observed Lewis and another man in a nearby areaway. They fitted the descriptions and Lewis was carrying a cardboard box in which the robber had put the proceeds of their endeavor when they fled the lounge. The carton was found to contain the money. Lewis resisted arrest. Both men were armed.

As indicated, the matter of the complicity of Lewis in the robbery is not before us, the sole issue presented on this appeal being whether the district court correctly determined that the state trial court was not required by Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), to hold a hearing to determine the voluntariness of a statement attributed to Lewis by a witness at the trial.

The alleged error occurred while a detective, Harris by name, who investigated the robbery, was on the stand.

The following colloquy took place during cross-examination by petitioner's attorney:

Q. Did you ask them [Lewis and the other man] any questions other than the gun questions?

A. I asked them if they would like to give a statement and they refused.

Q. In their refusal, did they deny committing this holdup?

A. No, contrary. They admitted the holdup to me orally.

No objection whatsoever was made by defense counsel to the above response. He neither moved to strike the answer nor asked for a hearing to be held on the voluntariness of the oral confession. Furthermore, Lewis took the stand later in the trial and denied having made the statement. In view of the circumstances surrounding the testimony concerning the confession, the district court concluded that "there was nothing to indicate that the voluntariness of the statement was in issue and therefore no hearing under Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964) was required."

■ An examination of recent cases in this and other circuits convinces us that petitioner's reliance on Jackson v. Denno is without merit. Absent an "alerting circumstance," *see* United States v. Taylor, 374 F.2d 753, 756 (7th Cir. 1967), a defendant's failure to object to the admission of a statement on the basis of voluntariness forecloses his contention that the trial court is obliged sua sponte to conduct a hearing to determine voluntariness. Grieco v. United States, 435 F.2d 677, 678 (7th Cir. 1970). *See also* United States v. Carter, 431 F.2d 1093, 1097 (8th Cir. 1970); and Garrison v. Patterson, 405 F.2d 696, 697 (10th Cir. 1969).

■ Lewis contends on this appeal, without directing our attention with specificity to the basis of his claim, that the evidence of physical abuse was an "alerting circumstance" under United States v. Taylor, *supra*. However, in *Taylor*, 374 F.2d at page 756, this court in referring to alerting circumstances confined its examples to "a defendant's apparent abnormal mental or physical condition, obvious ignorance, or lack of awareness—all of which may reveal a dereliction in defense counsel's failure to object to the introduction of a confession * * *." None of these situations existed here.

■ Assuming, arguendo, however, that there might be alerting circumstances if evidence before a trial judge showed physical violence to one who confessed, which time and eventwise was directly tied in with the giving of the confession, such a hypothetical situation also did not exist here.

The claimed physical abuse and coercion was on Lewis' own testimony confined to two incidents involving an officer Lewis. Defendant Lewis did not associate in his testimony either incident with the gun interrogation conducted by officer Harris.

The first incident occurred at the time of the arrest. Defendant Lewis refused to take his hand out of his pocket and put it up in the air when ordered to do so. A struggle to disarm him ensued and petitioner fell to the ground.

The second incident occurred at the police station according to the petitioner's version when officer Lewis allegedly hit the petitioner on his head with a gun.

We find no basis in these facts in applying the *Taylor* "alerting circumstances" test.

Moreover, there is authority in other circuits which flatly states that no hearing need be held unless the voluntariness of the statement was put in issue at the trial. La Brasca v. Misterly, 423 F.2d 708, 709–710 (9th Cir. 1970); Sellers v. Smith, 412 F.2d 1002, 1005 (5th Cir. 1969); Lundberg v. Buchkoe, 389 F.2d 154, 156–157 (6th Cir. 1968); Williams v. Anderson, 362 F.2d 1011, 1012 (3rd Cir. 1966), cert. denied 385 U.S. 988, 87 S.Ct. 601, 17 L.Ed.2d 449.

In addition to the fact that the contention here involved was never placed in is-

sue at trial, Lewis took the stand and denied having made the statement. The District of Columbia Court of Appeals has recognized that this latter fact alone may obviate the necessity for the trial court to conduct a subsequent hearing on the issue of voluntariness. Woody v. United States, 126 U.S.App.D.C. 353, 379 F.2d 130, 131–132 (1967), cert. denied 389 U.S. 961, 88 S.Ct. 342, 19 L.Ed. 2d 371.

For these reasons, and emphasizing the fact that the testimony of which Lewis complains was elicited during cross-examination by his own attorney, we conclude that the district court properly dismissed the petition for writ of habeas corpus.

Affirmed.