MATTER OF STAPLETON

In Deportation Proceedings

A-20411922

*Decided by Board September 30, 1975*

(1) In the absence of exceptional circumstances, a challenge in deportation proceedings to the voluntariness of an admission or confession will not be entertained when first made on appeal.

(2) Where a Service investigator testified at the deportation hearing that respondent, during an interview, admitted unauthorized employment, counsel's contention, first raised on appeal, that respondent's admission was coerced, is rejected, since there is nothing in the record which suggests that the admission was in any way the product of coercion; counsel for respondent did not object to the testimony of the investigator at the time of the hearing, and no evidence in support of the claim of coercion has been submitted on appeal.

(3) Counsel's contention that hearsay evidence was improperly considered by the immigration judge in rendering his decision, is rejected where the record indicates that the hearsay testimony was first elicited from a Service investigator upon cross-examination by counsel, and counsel voiced no objection to its introduction at that time. In any event, hearsay evidence is admissible in deportation proceedings.

CHARGE:

Order: Act of 1952—Section 241(a)(9) [8 U.S.C. 1251(a)(9)]—Failed to comply with conditions of nonimmigrnat status.

ON BEHALF OF RESPONDENT: Sharon L. Nolan, Esquire
#4 Nye Gade
St. Thomas, Virgin Islands 00801

In a decision dated March 12, 1975, the immigration judge found the respondent deportable, but granted the respondent's application for voluntary departure. The respondent has appealed from the finding of deportability. The appeal will be dismissed.

The respondent is a native of St. Kitts and a citizen of the United Kingdom who entered the United States in November of 1973 as a nonimmigrant temporary worker. The Service contends that he is deportable under section 241(a)(9) of the Immigration and Nationality Act as an alien who has failed to comply with the conditions of his nonimmigrant status by accepting unauthorized employment.

At the hearing, the respondent denied the factual allegation in the order to show cause relating to the alleged unauthorized employment.

The Service thereupon called one of its criminal investigators as a witness. The Service investigator testified that he had interviewed the respondent at which time the respondent admitted the alleged unauthorized employment.

The respondent does not deny that he made such an admission to the Service investigator, nor has he produced any evidence challenging the truth of the statements made in that admission. On appeal, however, counsel for the respondent alleges that the respondent's admission was coerced, and evidently argues that it should have been excluded from consideration by the immigration judge.

We reject counsel's contention. There is nothing in the reocrd which suggests that the respondent's admission was in any way the product of coercion. Counsel for the respondent did not object to the testimony of the Service investigator at the time of the hearing, and no evidence in support of the coercion claim has been submitted on appeal. In the absence of exceptional circumstances, a challenge to the voluntariness of an admission or confession will not be entertained when first made on appeal. Cf. *United States v. Irby*, 480 F.2d 1101 (C.A. 8, 1973); *U.S. ex rel. Lewis v. Pate*, 445 F.2d 506 (C.A. 7, 1971); *La Brasca v. Misterly*, 423 F.2d 708 (C.A. 9, 1970), cert. denied, 400 U.S. 838 (1970); *Garrison v. Patterson*, 405 F.2d 696 (C.A. 10, 1969), cert. denied, 404 U.S. 880 (1971); *United States v. Frazier*, 385 F.2d 901 (C.A. 6, 1967); *Evans v. United States*, 377 F.2d 535 (C.A. 5, 1967); *Williams v. Anderson*, 362 F.2d 1011 (C.A. 3, 1966), cert. denied, 385 U.S. 988 (1966).

Counsel presents several other due process challenges to the hearing below, which are equally without merit. The transcript of the hearing may be incomplete because of recording problems; counsel, however, has failed to demonstrate any resulting prejudice to the respondent, and we are satisfied that none exists. The record also fails to support counsel's allegation that the immigration judge was biased against the respondent. Finally, we reject counsel's contention that hearsay evidence was improperly employed by the immigration judge in rendering his decision. The record indicates that the hearsay testimony was first elicited from the Service investigator upon cross-examination by counsel for the respondent. Counsel voiced no objection to its introduction at that time, and in any event, hearsay is admissible in deportation proceedings. See *U.S. ex rel. Vajtauer v. Commissioner of Immigration*, 273 U.S. 103 (1927); *U.S. ex rel. Bilokumsky v. Tod*, 263 U.S. 149 (1923); *U.S. ex rel. Impastato v. O'Rourke*, 211 F.2d 609 (C.A. 8, 1954), cert. denied, 348 U.S. 827 (1954); *de Hernandez v. INS*, 498 F.2d 919 (C.A. 9, 1974); *Solis-Davila v. INS*, 456 F.2d 424 (C.A. 5, 1972); *Matter of Ponco*, 15 I. & N. Dec. 120 (BIA 1974).

The decision of the immigration judge was correct. Deportability has been established by clear, convincing and unequivocal evidence.

ORDER: The appeal is dismissed.

*Further order:* Pursuant to the immigration judge's order, the respondent is permitted to depart from the United States voluntarily within 31 days from the date of this order or any extension beyond that time as may be granted by the district director; and in the event of failure so to depart, the respondent shall be deported as provided in the immigration judge's order.