**UNITED STATES of America,**
Appellee,

v.

**Vernon THOMPSON, Appellant.**
**No. 13584.**

United States Court of Appeals
Fourth Circuit.

Argued Oct. 9, 1969.

Decided Oct. 24, 1969.

Certiorari Denied Jan. 19, 1970.
See 90 S.Ct. 699.

---

Donald A. Krach, Baltimore, Md. (court-appointed), for appellant.

Barnet D. Skolnik, Asst. U. S. Atty. (Stephen H. Sachs, U. S. Atty., and Clarence E. Goetz, Asst. U. S. Atty., on the brief), for appellee.

Before BOREMAN, CRAVEN, and BUTZNER, Circuit Judges.

PER CURIAM:

Vernon Thompson appeals from his conviction on two counts of an indictment charging the interstate transportation of forged securities. 18 U.S.C. § 2314. We affirm.

■ Thompson complains that an oral confession given to agents of the F.B.I. was admitted even though he had refused to sign a written waiver of his rights. The evidence discloses that Thompson, an intelligent man, was informed of his rights in the manner required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). He declined to sign a written waiver, but he stated that he understood his rights. Thereafter he freely and voluntarily answered questions. He was not subjected to prolonged interrogation or in any way coerced. In view of Thompson's intelligence, his affirmative statement that he understood the explanation of his rights, and the voluntariness of his confession, we hold that his refusal to sign a written waiver did not render the confession inadmissible. United States v. Hayes, 385 F.2d 375 (4th Cir. 1967), cert. denied, 390 U.S. 1006, 88 S.Ct. 1250, 20 L.Ed.2d 106 (1968).

■■ Thompson also complains that his identification by a witness was taint-ed because the witness saw him in custody in the marshal's office.[1] The witness, however, had given the police a description of Thompson and selected his picture from among a number of others before he was arrested. These circumstances show that the confrontation in the marshal's office was not so "conducive to irreparable mistaken identification that [Thompson] was denied due process of law." Stovall v. Denno, 388 U.S. 293, 302, 87 S.Ct. 1967, 1972, 18 L.Ed.2d 1199 (1967). Moreover, as an indication that the error, if any, was harmless, the district judge who was trying the case without a jury stated that even without the identification by this witness, the evidence was sufficient to convince him of Thompson's guilt. Cf. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

We have considered Thompson's other assignments of error and find no merit in them.

Affirmed.

---

1. This incident took place before the decision in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), concerning lineups. Wade is not retroactive. Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967).