Earnest L. **JACOBSON**, Petitioner-Appellant,

v.

**PEOPLE OF the STATE OF CALIFORNIA and Louis S. Nelson, Warden,** Respondents-Appellees.

No. 23567.

United States Court of Appeals, Ninth Circuit.

Sept. 30, 1970.

Pano Stephens, San Francisco, Cal., Earnest L. Jacobson, pro. per., for appellant.

Thomas C. Lynch, Atty. Gen., Derald E. Granberg and George R. Nock, Deputy Attys. Gen., San Francisco, Cal., for appellees.

Before KOELSCH and CARTER, Circuit Judges, and HALL,* District Judge.

JAMES M. CARTER, Circuit Judge.

Appellant was convicted of murder in the first degree in a trial commencing on May 27, 1964, in the Superior Court of Los Angeles County. He was sentenced to death. The conviction was affirmed in People v. Jacobson, 63 Cal.2d 319, 46 Cal.Rptr. 515, 405 P.2d 555 (1965). Certiorari to the Supreme Court was denied. Jacobson v. California, 384 U.S. 1015, 86 S.Ct. 1954, 16 L.Ed.2d 1036 (1966). The Governor of California commuted the sentence to life imprisonment.

After exhausting state remedies, appellant sought relief by habeas corpus in the court below. Appellant makes five contentions:

(1) The admission of two illegally obtained confessions at appellant's preliminary hearing, deprived the Superior Court of jurisdiction to try appellant;

(2) The State trial court failed to determine the voluntariness of the two confessions before submitting them to the jury;

(3) The two confessions were obtained in violation of his right to counsel and to remain silent, and it was prejudicial error to admit them into evidence at the trial;

(4) The California Supreme Court determined the voluntariness of appellant's two confessions without the benefit of a complete record;

(5) Reversible error, based on Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968), occurred at appellant's trial when a prospective juror was improperly excluded.

Ten separate confessions were made by appellant. He attacks the last two. Of the first eight, three were made to non-officers and the others were volunteered to police officers. He bases his claim on Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, decided June 22, 1964, and Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). His claim under *Escobedo* is that the investigation had "focused" on him, not that he was interrogated after asking for an attorney.

His trial began May 27, 1964, prior to both *Escobedo* and *Miranda*. These cases apply only to trials which began after the date they were decided. Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966).

In any event, the receipt in evidence of the two questioned confessions at the preliminary hearing, would not destroy the jurisdiction of the state court to try appellant.

Appellant contends that the State trial court failed to determine the voluntariness of the two confessions before submitting them to the jury. The State laid a foundation that the confessions were given freely and voluntarily. No

---

* Honorable Peirson M. Hall, Senior United States District Judge, Central District of California, sitting by designation.

objection to the involuntary character of the confession was ever made in the state courts. Only where there is an objection to a confession on the grounds it is involuntary or where there is present in the record evidence tending to show such involuntariness, need there be held the special hearing out of the presence of the jury provided for in Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed. 2d 908 (1964).

Nor does appellant in his habeas petition make even conclusionary allegations as to the involuntary character of the confessions. The contention is without merit.

■■ The California Supreme Court held the last two confessions were obtained in violation of People v. Dorado, 62 Cal.2d 338, 42 Cal.Rptr. 169, 398 P.2d 361 (1965) interpreting *Escobedo*, supra, but held the error in their admission was harmless. *Dorado* may bind California state courts since they may establish, if they desire stricter standards as to confessions than the federal courts. But *Dorado* does not bind federal courts. Appellant contends that the harmless error rule of Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967) controls, and the California Supreme Court did not apply the *Chapman* standard. But *Chapman* only applies where federal constitutional error occurs. Thus, appellant's contention is that an error of state law occurred. The claim is rejected.

### The Witherspoon problem.

Appellant contends that because of the improper exclusion of one juror he is entitled to relief, relying on Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968).

■ Appellant is in no position to complain that the jury which sat at his penalty trial was selected in violation of *Witherspoon*, supra. The action of the Governor in commuting his death sentence mooted that claim. *Witherspoon* stated,

> "Specifically, we hold *that a sentence of death cannot be carried out* if the jury that imposed or recommended it was chosen by excluding veniremen for cause simply because they voiced general objections to the death penalty or expressed conscientious or religious scruples against its infliction. *No defendant can constitutionally be put to death* at the hands of a tribunal so selected." 391 U.S. at 521–523, 88 S. Ct. at 1776. [Emphasis added].

In footnote #21, the Court stated:

> "Nor does the decision in this case affect the validity of any sentence *other* than one of death. Nor, finally, does today's holding render invalid the *conviction*, as opposed to the *sentence*, in this or any other case." (*Id.*, at 523, n. 21, 88 S.Ct. at 1777, emphasis in original.)

In a companion case to *Witherspoon*, decided the same day, Bumper v. North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968), the Court stated:

> "Our decision in *Witherspoon* does not govern the present case, because here the jury recommended a sentence of life imprisonment." (*Id.*, at 545, 88 S.Ct. at 1790.)

Appellant does not assert in his briefs that he is entitled to a new trial *on the issue of guilt* because of the alleged jury defect on the penalty phase. This question was presented in both *Witherspoon* and *Bumper*, but the Court found the record was inadequate to properly present that question for decision. *Witherspoon*, supra, note #11, 391 U.S. pp. 517–518, 88 S.Ct. 1770, 20 L.Ed.2d 776. *Bumper*, supra, 391 U.S. p. 545, 88 S.Ct. 1788, 20 L.Ed.2d 797. No better or adequate record is presented here. Moreover, on inquiry at oral argument, counsel for appellant disclaimed any such contention.

The judgment is affirmed.