**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Irvine Sisk STEVENS, Defendant-Appellant.**

**No. 71–1083.**

United States Court of Appeals, Sixth Circuit.

July 9, 1971.

Matthew B. Quinn, Jr., court appointed, Louisville, Ky., for appellant.

Duane Schwartz, Asst. U. S. Atty., Louisville, Ky., for appellee; George J. Long, U. S. Atty., Louisville, Ky., on brief.

Before WEICK, EDWARDS and Mc-CREE, Circuit Judges.

PER CURIAM.

■■ Appellant was convicted by a jury of stealing from an interstate shipment of freight in violation of 18 U.S.C. § 659, and was sentenced to eight years' imprisonment, to be served concurrently with a state sentence. On appeal, he claims that evidence of three confessions was improperly admitted at trial, because he had not signed a statement indicating that he had been advised of his rights in accordance with Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). But there was evidence in the record that he was so advised, and there is no requirement that *Miranda* rights can be waived only in writing. *See, e. g.,* Pettyjohn v. United States, 136 U.S.App.D.C. 69, 419 F.2d 651, 655 (1969); United States v. Thompson, 417 F.2d 196, 197 (4th Cir.

1969), cert. denied, 396 U.S. 1047, 90 S. Ct. 699, 24 L.Ed.2d 692 (1970).

■■ Appellant also complains that the voluntariness of his confessions was not considered by the District Judge out of the presence of the jury in accordance with 18 U.S.C. § 3501. But that statute provides only that

Before such confession is received in evidence, the trial judge shall determine *any issue* as to voluntariness.

18 U.S.C. § 3501(a) (emphasis added). We interpret the italicized language to indicate, contrary to appellant's contention, that a hearing is required only if the issue of voluntariness is raised. In this case, that issue has been raised neither at trial nor on appeal. The only objection made to the testimony concerning the confessions related to the lack of written acknowledgement or waiver of *Miranda* rights. Accordingly, we see no reason to disturb the jury's verdict on this ground. The other contentions raised by appellant are without merit.

The judgment of the District Court is affirmed.