UNITED STATES of America, Plaintiff-Appellee,

v.

Robert R. YAMASHITA, Defendant-Appellant.

No. 75–1941.

United States Court of Appeals, Ninth Circuit.

Dec. 30, 1975.

---

Howard G. Trapp (argued), Agana, Guam, for defendant-appellant.

James H. Daffer, Asst. U. S. Atty. (argued), Agana, Guam, for plaintiff-appellee.

## OPINION

Before BROWNING and HUFSTEDLER, Circuit Judges, and RENFREW,* District Judge.

PER CURIAM:

■ 1. Appellant was not deprived of his right to counsel. After repeated extensions of the trial date to allow appellant to retain counsel, and after a final warning that trial would commence two weeks later, appellant appeared without counsel, announcing that he wished to represent himself. The only explanation offered by appellant for his failure to secure counsel was that the particular lawyer he wished to retain was otherwise committed at the time set for trial. Appellant had been warned that the trial would not be further delayed and he must retain other counsel if the individual he preferred would not be available. Appellant does not say he misunderstood the court's warning. Nor could he. It was stated in plain language. Appellant had a college education and was mentally alert. Appellant was given more than a reasonable opportunity to obtain the lawyer of his choice and simply failed to do so. The court was not required to delay the trial further. *Lofton v. Procunier,* 487 F.2d 434, 435 (9th Cir. 1973); *Relerford v. United States,* 309 F.2d 706, 707–08 (9th Cir. 1962); *Releford v. United States,* 288 F.2d 298, 301 (9th Cir. 1961).

■ 2. The trial court was not required to hold a hearing out of the presence of the jury to determine the voluntariness of appellant's confessions. A proper foundation for admission of the statement was laid by extensive testimony regarding the circumstances in which the statements were taken. Appellant did not object to the admission of the statements in the trial court. He did not assert in the trial court (or in this court) that they were in fact involuntary. 18 U.S.C. § 3501(a) requires a hearing "only if the issue of voluntariness is raised." *United States v. Stevens,* 445 F.2d 304, 305 (6th Cir. 1971). Appellant's reliance on *United States v. Inman,* 352 F.2d 954, 956 (4th Cir. 1965), is misplaced. *Inman* was decided prior to enactment of 18

* Honorable Charles B. Renfrew, United States District Judge, Northern District of California, sitting by designation.

U.S.C. § 3501. Moreover, under *Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), as well as under the statute, the rule of this circuit requires that the issue of voluntariness be raised. *Jacobson v. California,* 431 F.2d 1017, 1018–19 (9th Cir. 1970).

■ 3. We have examined the language used by the trial court and are satisfied that the jury would not have "take[n] it to be a comment on the failure of the accused to testify." *Hayes v. United States,* 368 F.2d 814, 816 (9th Cir. 1966). The court simply informed appellant of his right to testify or to remain silent and inquired whether appellant wished to testify, or to offer other evidence on his own behalf. The court's inquiry, standing alone, conveyed no suggestion that appellant's exercise of his Fifth Amendment right was indicative of guilt. There was no other mention of the matter by the court, and none at all by the prosecutor.

Affirmed.