**UNITED STATES, Appellee,**

v.

**Felix SANTIAGO SOTO,
Defendant, Appellant.**

**No. 86–1866.**

United States Court of Appeals,
First Circuit.

Submitted Dec. 9, 1988.
Decided March 29, 1989.

See also 825 F.2d 616.

Martha R. Reeves, on brief, for defendant, appellant.

Warren Vazquez, Asst. U.S. Atty., and Daniel F. Lopez Romo, U.S. Atty., Hato Rey, P.R., on brief, for appellee.

Before COFFIN, BREYER and SELYA, Circuit Judges.

PER CURIAM.

On August 12, 1986, a jury convicted Felix Santiago Soto (Santiago) of violating 18 U.S.C. § 1702 (obstruction of correspondence by a postal employee) and § 1709 (theft of a postal package by a postal em-

ployee). Santiago now appeals from the conviction on myriad grounds. We affirm.

### I.

Appellant was a janitor at the Bayamon Post Office, and had access to all areas of the premises. On two occasions in August 1985, a C.O.D. parcel was claimed by its intended recipient, and was found to be missing. The packaging containing the missing merchandise was then discovered in the trash by the manager of the post office. After both incidents were reported to the postal inspector's office, an inspector gave the manager a "test package" to place in the registry cage area from which the two prior packages had disappeared. The registry cage was watched carefully by two inspectors and the manager; it was discovered that the test package was missing after appellant had gone into the cage to clean. The inspectors followed appellant into a room reserved for cleaning employees, and found that appellant had the contents of the test package in his shirt pocket, with portions of the wrappings also hidden on his person.

One of the inspectors, Baragas, testified that he read appellant his *Miranda* rights, speaking straight to his face, because he was aware that appellant had a hearing problem. He also gave appellant a written version of the *Miranda* rights to read, and testified that appellant had indicated that he understood what he had read. Appellant was transported to the General Post Office/Inspector Services Office in Hato Rey, where he was given another form containing a written version of his *Miranda* rights. Appellant signed the section of this form waiving his rights. Inspector Crespo testified that appellant then gave a voluntary sworn statement, in writing, admitting that he had taken the first two packages, as well as the third test package, because he was angry at not receiving a transfer which he had requested. This statement was admitted in evidence during the trial without objection by defense counsel.

Santiago testified at the trial, and admitted taking the test package, claiming that he wanted to draw attention to his transfer situation. Appellant testified that he was pushed by the inspectors and hit his head when apprehended, that he did not understand the written waiver of his *Miranda* rights, and that he told the inspectors that he did not understand. He also claimed that he had denied taking the first two packages (which were shown to him by the inspectors), and that he wrote the confession at the direction of the inspectors because he was afraid of them.

### II.

Santiago asserts on appeal that the district judge erred in failing to hold, *sua sponte*, a separate hearing on the voluntariness of his post-arrest statement. Appellant claims that there were "certain alerting circumstances," particularly his deafness and emotional state, which made it incumbent upon the court to hold a separate hearing to determine the voluntariness of the statement pursuant to *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964).

In *Jackson*, the Court held that a determination of voluntariness must be made by the trial judge out of the presence of the jury before the content of the accused's confession may be revealed to the jury. In this way, an involuntary confession would be recognized prior to reaching the jury, thereby preserving the defendant's right to a fair trial. The essence of *Jackson* has been codified at 18 U.S.C. § 3501.

In applying the mandate of *Jackson* and of § 3501, the conventional wisdom among our sister circuits is that, absent a defendant's request for a hearing on the issue of voluntariness, or at least an objection to the admission of an incriminating statement or confession into evidence, the requirement of a hearing is waived. *E.g., United States v. Espinoza–Seanez,* 862 F.2d 526 (5th Cir.1988); *United States v. Hack,* 782 F.2d 862 (10th Cir.), *cert. denied,* 476 U.S. 1184, 106 S.Ct. 2921, 91 L.Ed.2d 549 (1986); *United States v. Valencia,* 773 F.2d 1037 (9th Cir.1985); *United States v. Powe,* 591 F.2d 833 (D.C.Cir.1978); *United States v. Stevens,* 445 F.2d 304 (6th Cir.),

*cert. denied,* 404 U.S. 945, 92 S.Ct. 298, 30 L.Ed.2d 260 (1971). *But see United States v. Inman,* 352 F.2d 954 (4th Cir.1965) (proffer of confession, even absent objection, should entail independent hearing by court in absence of jury).

Some courts have recognized that there may exist certain alerting circumstances which impose on a trial judge an obligation *sua sponte* to hold a voluntariness hearing, even where the defense does not challenge the admission of the confession or statement in any way. In *United States v. Taylor,* 374 F.2d 753 (7th Cir.1967), the Seventh Circuit found that circumstances

> such as a defendant's apparent abnormal mental or physical condition, obvious ignorance or lack of awareness—all of which may reveal a dereliction in defense counsel's failure to object to the introduction of a confession—may, under due process standards, require a trial judge to investigate the necessity of conducting a hearing notwithstanding the absence of an objection.

*Id.* at 756.

Assuming—without deciding—that we would follow a similar rule, it would not profit Santiago. In the case before us, the record indicates that appellant did not at any time request that the court conduct a hearing to determine the issue of the voluntariness of his written confession. Moreover, during trial, appellant did not object to the admission of the confession into evidence, even when given the specific opportunity to do so by the trial judge, nor did he otherwise raise the issue of voluntariness in a way which might have alerted the trial judge that such a hearing was desirable.

The "alerting circumstances" of which Santiago speaks on appeal do not demand a conclusion that the trial judge should have independently recognized the need for preliminary screening. With regard to appellant's hearing impairment, there was no evidence that he was profoundly deaf. Quite the contrary, the district judge commented at a bench conference during trial that "I have been observing him more than anything else and he seems to understand what is going on here perfectly." (Trial

Transcript at 107). There was also uncontroverted evidence that, prior to giving his post-arrest statement, appellant received his *Miranda* warnings in writing. Despite appellant's claim that he did not understand what was written, there was no evidence that he was unable to read or that he was mentally impaired in a way which left him incapable of understanding the warnings or the waiver. The circumstances, therefore, were far from "alerting."

This case is unlike *United States v. Janoe,* 720 F.2d 1156 (10th Cir.1983), *cert. denied,* 465 U.S. 1036, 104 S.Ct. 1310, 79 L.Ed.2d 707 (1984), where the failure to hold a *Jackson* hearing was not harmless error because defendant orally moved to suppress his confession before trial, asserting that it was involuntary because he was intoxicated, and objected during trial both when testimony was offered regarding the confession and when the government offered the signed waiver of his *Miranda* rights. Nor does the instant case compare favorably with *Jackson* itself, where the defendant was questioned while he was at the hospital after being shot, and again after he had been drugged for pain. *See also LaFrance v. Bohlinger,* 499 F.2d 29 (1st Cir.), *cert. denied,* 419 U.S. 1080, 95 S.Ct. 669, 42 L.Ed.2d 674 (1974) (glaring evidence of police threats and other blatant physical and mental duress required state court judge to inquire); *Hizel v. Sigler,* 430 F.2d 1398 (8th Cir.1970) (hearing required; evidence showed defendant had brain damage due to alcoholism, unable to read, could only write last name, had mental age of eight to twelve years, was hearing-impaired, and was under influence of alcohol when interrogated).

Santiago's claim that he was initially shoved by the inspectors and hit his head, if true, does not indicate that this was part of any general physical coercion by the postal inspectors. Appellant's allegation that he confessed because he was afraid of the inspectors is unsupported by a description of any specific behavior, other than a facial expression by one inspector, to suggest an attempt at coercion. Finally, appellant's claim that the inspectors made him a

promise which induced his confession is untenable. We cannot find that the statement "it's for your own good" was the equivalent of a promise, much less a coercive promise. *See United States v. Baldacchino*, 762 F.2d 170 (1st Cir.1985) (promise to bring cooperation of defendant to attention of prosecution not coercive promise sufficient to render subsequent statement inadmissible).

In light of the record evidence, we are unable to find that the mandate of *Jackson v. Denno, supra,* as codified in 18 U.S.C. § 3501, was transgressed. We therefore find no error in the district court's omission of a hearing to determine the voluntariness of appellant's confession.[1]

### III.

■ In a similar vein, appellant has charged that the trial court erred in failing to give the jury a specific instruction regarding the voluntariness of his confession. The record does not reflect that appellant requested that such an instruction be given. That failure is dispositive, absent plain error. *United States v. Mejia–Lozano*, 829 F.2d 268, 272 (1st Cir.1987); *United States v. Griffin*, 818 F.2d 97, 99–100 (1st Cir.), *cert. denied,* — U.S. —, 108 S.Ct. 137, 98 L.Ed.2d 94 (1987); Fed.R.Crim.P. 30. We see no such error here.

### IV.

■ There are two final points related to the topic of the confession. Neither of them need detain us for long. We find that there was no evidence to support appellant's claim that the postal inspectors should have obtained a professional to assist them in communicating with appellant due to his hearing impairment. The record supports the fact that the inspectors, appellant's supervisor, and the court were all able to communicate with him verbally without such assistance, and by writing if necessary. The claim is without merit.

Equally undeserving is appellant's assault on the terminology employed by the district judge in referring to the confession. Viewed in context and against the backdrop of the record as a whole, any error (or, better put, lack of precision) in this regard was entirely harmless.

### V.

■ Appellant contends that the district court's decision to disallow a line of questioning deprived him of the opportunity to rebut evidence of his intent to violate the law, thereby relieving the government of its burden to prove that appellant had a guilty state of mind. Specifically, Santiago testified that he had taken the test package in order to call attention to the postal department's failure to act on his transfer request. When defense counsel later asked appellant to "explain what was the problem that you had about a transfer with your job," the judge sustained the government's objection to the line of questioning.

We do not perceive any way in which the court's ruling deprived Santiago of the opportunity to rebut a criminal intent. The record unequivocally shows that appellant was allowed to state his reason for taking the package. The court's determination that further elaboration on the "problem" appellant had with his failure to get a transfer was immaterial to the defense and to the case as a whole was well within the bounds of discretion. Retaliation, in any event, is not a viable defense to violations under 18 U.S.C. §§ 1701, 1709. We can see no way in which the ruling either deprived Santiago of a fair and ample opportunity to present his theory of defense or relieved the government of its acknowledged burden to prove every element of the offenses with which appellant was charged.

Appellant's reliance on *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979), is unavailing. *Sandstrom* dealt with a situation in which the

---

1. We note in passing that appellant testified at trial that he had indeed taken the test package because he was angry about his transfer; this trial testimony corroborates portions of appellant's written confession, which he is now trying to disclaim. Even without the written confession, we believe that appellant's admission at trial, under oath, presented overwhelming evidence of his guilt.

jury was instructed that "the law presumes that a person intends the ordinary consequences of his voluntary acts." The Court found that this instruction conveyed a *conclusive* presumption which conflicted with the overriding presumption of innocence endowed on every defendant, and which invaded the factfinding function of the jury. In the instant case, unlike in *Sandstrom*, the jury was allowed to consider fully appellant's defense. That Santiago was not permitted to elaborate on clearly immaterial facts did not constitute a usurpation of the jury's factfinding function.

## VI.

■ Santiago's parting shot is his asseveration that the court's admission of evidence pertaining to the first two packages taken from the registry cage was erroneous because the risk of prejudice far outweighed the probative value to be gained therefrom. He asserts that admission of these two packages was evidence of prior bad acts, and should have been excluded. *See* Fed.R.Evid. 404(b), 403. We do not agree.

Under Rule 404(b), the government may not introduce evidence of other bad acts or crimes committed by a defendant in order to cause the jury to infer from defendant's bad character that he acted in conformity therewith. Notwithstanding this limitation, evidence of other crimes may be admitted to prove motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident. *See United States v. Scelzo*, 810 F.2d 2 (1st Cir. 1987); *United States v. Zeuli*, 725 F.2d 813 (1st Cir.1984); Fed.R.Evid. 404(b). The admissibility of such evidence is primarily committed to the discretion of the trial court, which must balance the probative value of the evidence against the risk of unfair prejudice to the defendant. The court's decision will be reversed only for an abuse of its concededly wide discretion. *United States v. Kadouh*, 768 F.2d 20 (1st Cir.1985).

A review of the record demonstrates beyond cavil that the district court used its discretion wisely in admitting evidence of the first two packages taken from the registry cage in the post office. We have little difficulty concluding that this evidence was specifically probative of appellant's intent, plan, knowledge, and absence of mistake. The two packages in question were taken within two weeks of the time the third package was taken. All three were addressed to the same party. And as previously mentioned, appellant's written confession (in which he admitted taking all three of the packages in order to get his supervisor's attention) was introduced into evidence without objection. To the extent that appellant was prejudiced by the evidence, it was legitimate prejudice, not undue prejudice.[2] The risk of admitting the evidence was in no way disproportionate to its considerable probative value.

We need go no further. From aught that appears, Santiago was fairly tried and justly convicted. For the reasons set forth herein, the judgment of the district court is

*Affirmed.*

---

**2.** As we have said before:

The fact that a piece of evidence hurts a party's chances does not mean it should automatically be excluded. If that were true, there would be precious little left in the way of probative evidence in any case. "The question is one of 'unfair' prejudice—not of prejudice alone."

*Onujiogu v. United States*, 817 F.2d 3, 6 (1st Cir.1987) (citation omitted).