976 F.2d 737
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Scott N. SANDERS, Petitioner-Appellant,
v.
Dorothy VIGIL, Robert Corbin, Respondents-Appellees.
 No. 91-16080.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 18, 1992.*
Decided Sept. 25, 1992.
 
 Before SCHROEDER, WILLIAM A. NORRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 I. INTRODUCTION
 
 2
 Petitioner, an Arizona state prisoner, was convicted by jury of sexual misconduct against his three year old daughter. He was acquitted on a second charge of misconduct, and the state dismissed a third charge of sexual abuse.
 
 
 3
 Petitioner unsuccessfully appealed his conviction to the state court of appeals, alleging several defects in the trial court proceedings. Petitioner then sought relief, by way of writ of habeas corpus, in federal district court, on essentially the same grounds. The district court denied relief.
 
 
 4
 We are asked to reconsider the district court's denial of petitioner's habeas corpus petition. We affirm.
 
 II. STANDARD OF REVIEW
 
 5
 We review de novo the district court's denial of a petition for writ of habeas corpus. Weinstein v. U.S. Parole Comm'n, 902 F.2d 1451, 1453 (9th Cir.1990). Because federal habeas corpus relief is not available for errors of state law, Lewis v. Jeffers, 110 S.Ct. 3092, 3102 (1990), our review will be limited to a determination of whether the alleged defects in petitioner's trial amounted to a violation of the Constitution, laws, or treaties of the United States. See Estelle v. McGuire, 112 S.Ct. 475, 480 (1991).
 
 III. DISCUSSION
 
 6
 * Petitioner first argues that the district court erred in dismissing his habeas petition based on the state trial court's failure to order sua sponte a hearing to determine his competency to stand trial. On this ground petitioner's argument fails.
 
 
 7
 The conviction of an accused person while he is legally incompetent violates due process. Pate v. Robinson, 383 U.S. 375, 378 (1965); citing Bishop v. United States, 350 U.S. 961 (1956). An accused is legally incompetent when he lacks "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding--and ... a rational as well as factual understanding of the proceedings against him." Dusky v. United States, 362 U.S. 402 (1960). Further, an accused who is in fact incompetent may not be said to have waived the defense of his incompetency by failing to demand a hearing on the issue at trial. See Pate v. Robinson, 383 U.S. at 384 (1965).
 
 
 8
 To satisfy the dictates of due process, a trial court sua sponte must order an evidentiary hearing on the issue of competency if there is "substantial evidence" that the defendant may be mentally incompetent to stand trial. Moore v. United States, 464 F.2d 663, 666 (9th Cir.1972). Even though petitioner advanced an insanity defense at trial, there has been no showing of incapacity at the time of the trial court proceedings. Although relevant to the determination, evidence offered by the accused to show mental instability at the time of the offense does not govern his capacity to stand trial.
 
 
 9
 It is both significant and proper to consider the fact that neither the trial court nor petitioner's counsel appeared to perceive a problem with his competency to stand trial. See Hernandez v. Ylst, 930 F.2d 714, 718 (9th Cir.1991). Indeed it is those who are able to observe and interact with the petitioner at trial who occupy the best position to assess his comprehension of those proceedings.
 
 
 10
 Absent any record evidence of petitioner's failure to comprehend the proceedings against him or ability to assist in his own defense, we cannot find substantial evidence of incapacity requiring the trial court to have ordered a competency evaluation on its own motion. The court's failure to order such a hearing, therefore, did not amount to constitutional error.
 
 B
 
 11
 Petitioner next complains of the state's initiation of an involuntary mental commitment proceeding which resulted in a twelve day hospital stay. This proceeding, claims petitioner, interfered with his pretrial consultation with counsel, and infringed his rights under the Sixth and Fourteenth Amendments.
 
 
 12
 We find no such constitutional violation. Petitioner has made no showing that either the state's initiation of the commitment proceedings, or the brief hospital stay itself, foreclosed his opportunity to interact with counsel as necessary adequately to prepare a defense. More importantly, petitioner has failed to establish any resultant prejudice from this asserted interference with trial preparation. Absent such a showing of prejudice, habeas relief on this ground will not lie. See United States v. Ray, 731 F.2d 1361, 1366 (9th Cir.1984).
 
 C
 
 13
 It is next asserted that habeas corpus relief should issue based upon the trial court's failure to dismiss a juror whose niece had recently suffered sexual abuse. Petitioner asserts that this juror's presence on the jury prejudiced his right to a fair trial.
 
 
 14
 The record reflects, and the courts below recognized, the care which the trial court afforded the matter of the fitness of the juror at issue. The juror was questioned at some length in chambers and retained on the jury without objection by the petitioner.
 
 
 15
 The trial court's determination of juror non-bias is a finding of fact entitled to a presumption of correctness on habeas review under 28 U.S.C. § 2254(d). Wainwright v. Witt, 469 U.S. 412, 428 (1984). We perceive no defect in the trial court's determination sufficient to upset that presumption. Accordingly, petitioner is not entitled to relief on this ground.
 
 D
 
 16
 Petitioner next advances as error the failure of the trial court sua sponte to order a hearing to determine the voluntariness of petitioner's taped confession. Again, petitioner has not established a constitutional violation.
 
 
 17
 The trial court is not obliged to order, on its own motion, a hearing to determine whether a confession was given voluntarily. United States v. Yamashita, 527 F.2d 954, 955 (9th Cir.1975). Because petitioner did not raise the issue of voluntariness at trial, the trial court's failure to so order is not error.
 
 
 18
 Indeed, even had petitioner timely raised the issue, he has offered no evidence that his will was overborne by any police conduct or coercion. See Colorado v. Connelly, 479 U.S. 157, 163-67 (1986). Without such a showing, no finding of involuntariness was possible, and the trial court's election not to pursue the inquiry could not have prejudiced petitioner.
 
 
 19
 Petitioner's claim that his confession was obtained in violation of Miranda v. Arizona, 384 U.S. 436 (1966), likewise does not obtain. The procedural dictates of Miranda are not implicated until the initiation of "custodial interrogation" of the accused. Id. at 444. The questioning which elicited petitioner's confession can not be described as custodial. He was informed that his participation in the questioning session was voluntary and that he was not under arrest. In fact, petitioner was not detained after the interview in question. A Miranda warning was thus not implicated. We find no error in the trial court's treatment of petitioner's confession.
 
 E
 
 20
 Petitioner next raises as a basis for habeas corpus relief the admission of statements made by the victim asserted to be inadmissible hearsay. Petitioner's challenge of this evidentiary matter upon federal habeas review must fail.
 
 
 21
 Although we find no fault with the lower court's determination that the instant evidence is admissible pursuant to FED.R.EVID. 804(b)(5), we need not reach that issue here. Because our review is limited to assessment of federal constitutional claims, Lewis v. Jeffers, 110 S.Ct. at 3102, the admission of this evidence is remediable only if its admission amounted to a deprivation of petitioner's federal rights. See Gutierrez v. Griggs, 695 F.2d 1195, 1197 (9th Cir.1983). Any injury suffered by petitioner as a result of the admission of this testimony falls far short of a violation of constitutional import. Petitioner at trial did not dispute the occurrence of the conduct with which he was charged. He relied, rather, on a defense of insanity. Because he admitted to the factual predicate to which the hearsay statement referred, he could have suffered no prejudice from the admission of the statement itself. Petitioner has made out no remediable error on this count.
 
 F
 
 22
 Petitioner also argues error based on the state's failure to make timely disclosure of its intent to use the above victim's statement. This failure is said to violate ARIZ.REV.STAT.ANN. § 13-1416 (1956). This asserted violation of a state procedural rule raises no federal issue for this court to address. See Gutierrez v. Griggs, 695 F.2d at 1197. Because we find no infringement of constitutional weight, and because petitioner has alleged no prejudice, we find no violation warranting habeas relief.
 
 G
 
 23
 Petitioner next complains that the state's expert's report contained privileged information and hence should not have been admitted to trial. Petitioner's appeal on this ground is without merit.
 
 
 24
 We will not reexamine the treatment of privileged communications under Arizona evidence law. Id. Moreover, petitioner has not made out a constitutional violation. The communication itself contains petitioner's acknowledgment that the report was not confidential, and we find no unfairness in its use at trial.
 
 H
 
 25
 It is next asserted that the petitioner's right to confront witnesses against him was abridged by the admission of the deposition of Robert Conley, who was unavailable to testify at trial. We find no constitutional violation.
 
 
 26
 Petitioner's counsel was present at, and cross-examined Conley in the course of the deposition in question. The deposition testimony was read into the trial court record by stipulation of both parties' counsel. Because petitioner's counsel took full advantage of his fair opportunity to confront and question the deponent Conley, there has been no violation.
 
 
 27
 * Petitioner next claims he is entitled to habeas corpus relief because he received ineffective assistance of counsel from his trial attorney. We note first that the district court properly reviewed the trial court transcript and pleadings in considering this claim. See Richmond v. Ricketts, 774 F.2d 957, 961 (9th Cir.1985). Further, we find no error in the district court's decision to proceed without an evidentiary hearing on this claim under Bashor v. Risley, 730 F.2d 1228, 1233 (9th Cir.1984), cert. denied, 469 U.S. 838 (1984).
 
 
 28
 Having again reviewed the record and pleadings of the trial court proceedings, we agree that petitioner has not established ineffective assistance of counsel. To obtain habeas relief based on a claim of ineffective assistance of counsel, petitioner must demonstrate (1) that his counsel "made errors that a reasonably competent attorney acting as a diligent and conscientious advocate would not have made," and (2) that he has been prejudiced thereby. Butcher v. Marquez, 758 F.2d 373, 375-76 (9th Cir.1985). To establish prejudice, petitioner must show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1983).
 
 
 29
 The "errors" of counsel enumerated by petitioner do not transgress the bounds of professional discretion. Counsel's decisions were reasonable in the advancement of the defense of insanity at trial.
 
 
 30
 Moreover, petitioner has failed to make a sufficient showing of prejudice. He has offered no evidence suggesting he might have been acquitted but for the errors of his counsel. We agree with the district court that petitioner's representation was not constitutionally defective.
 
 J
 
 31
 Finally, petitioner alleges error in the trial court's dismissal of his "Rule 32 Petition" for post-conviction relief without an evidentiary hearing. The post-conviction relief provided for by Arizona Rule of Criminal Procedure 32 is a state procedural remedy. A state court's dismissal on the merits of this petition is thus not reviewable in this proceeding.
 
 IV. CONCLUSION
 
 32
 In consideration of the foregoing, the order of the district court dismissing the petition for habeas corpus is affirmed.
 
 
 33
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3