November 29, 1993

 [NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 

No. 93-1716 

 JERRY LARRIVEE,

 Plaintiff, Appellant,

 v.

 MCC, SUPT.,

 Defendant, Appellee.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MAINE

 [Hon. Gene Carter, U.S. District Judge]
 

 

 Before

 Breyer, Chief Judge,
 
 Torruella and Selya, Circuit Judges.
 

 

Jerry Larrivee on Memorandum of Law Seeking Probable Cause to
 
Appeal.

 

 

 Per Curiam. Petitioner Jerry Larrivee seeks a
 

certificate of probable cause to appeal the dismissal of his

28 U.S.C. 2254 habeas petition. For the reasons set forth

below, we deny his request. Petitioner was convicted, after

a jury trial, of burglary, robbery, theft of a firearm and

possession of a firearm by a felon. This was his second

conviction; both convictions arose out of robberies of

taxicab drivers. His conviction was affirmed on direct

appeal. See State v. Larrivee, 563 A.2d 1104 (Me. 1989).
 

 Petitioner's habeas petition contains four grounds

for relief: (1) withholding of information by the

prosecutor; (2) conviction obtained by the use of perjured

testimony of a witness; (3) conviction obtained by the use of

an inadmissable and involuntary confession; and (4)

conviction obtained by an unconstitutional in-court

identification. The district court referred the matter to a

magistrate judge. He rejected grounds one and two on the

basis that they had been disposed of on the merits in a prior

habeas petition.

 As for grounds three and four, the magistrate judge

basically determined that these claims had been "exhausted"

in the sense that petitioner now would be barred from

pursuing any state remedy. However, the magistrate judge

went on, petitioner failed to show cause for this procedural

default. In addition, the magistrate judge stated that the

Fourth Amendment aspect of the admissability of petitioner's

confession was barred. See Stone v. Powell, 428 U.S. 465,
 

494 (1976) (where habeas petitioner had a full opportunity to

litigate such a matter in state court, federal court is

barred from considering it in a 2254 petition).

 We agree that petitioner may not pursue grounds one

and two in this habeas action. In addition to the reason

given by the district court, it is plain that these claims

have been procedurally defaulted. Petitioner presented both

of these grounds in a Maine R. Crim. P. 33 new trial motion

and in a post-conviction review petition. In rejecting the

claims in the latter proceeding, the state court held that

the issues of the use of perjured testimony and the

withholding of evidence from the defense were barred on the

basis that "[r]ather than relitigating [these] grounds in the

present proceeding, the proper procedure for contesting [the

Rule 33] decision is through direct appeal to the Maine Law

Court." Under Coleman v. Thompson, 111 S. Ct. 2546 (1991),
 

if a "state court decline[s] to address a prisoner's federal

claims because the prisoner ha[s] failed to meet a state

procedural requirement," the prisoner must show cause and

prejudice to be entitled to federal habeas review. Id. at
 

2554, 2565. Petitioner has not made this showing.1

 

1. We also agree with the district court's reliance on Stone
 
v. Powell to dismiss the claim that petitioner's confession
 
was obtained in violation of the Fourth Amendment; petitioner

 -3-

 In relation to grounds three and four, it appears

from the State's Response to the habeas petition that there

is a real question whether petitioner may have, in fact,

satisfied the exhaustion requirement. Rather than remand the

matter, however, we will assume exhaustion for the purposes

of disposing of petitioner's request for a certificate of

probable cause on the merits.

 1. Involuntary Confession. Petitioner alleges
 

that the following events rendered his confession involuntary

and, hence, inadmissable. After his arrest, petitioner

states that he was interrogated by four police officers for

two hours; one of the officers stood behind him at all times.

At some point, according to petitioner, he was informed that

the police had in their possession a statement from two

persons implicating him in the offense. According to

petitioner, there only was a statement from one individual.

Finally, upon being promised that if he confessed he would

not be prosecuted, petitioner narrated a statement. He

asserts that the only reason he did so was because of this
 

promise. He further alleges that he was not allowed to read

over his statement in order to make changes.2 

 

has not alleged the denial of an opportunity to raise this
issue in state court.

2. Petitioner's assertion that the state trial court should
have held a hearing on the question of the voluntariness of
his confession once petitioner testified that it was made
under "the use of inducement" is without merit. In the

 -4-

 To determine the question of voluntariness, we must

consider what effect the totality of the circumstances had on

petitioner's will. See Schneckloth v. Bustamonte, 412 U.S.
 

218, 226-27 (1973). In the context of a habeas corpus

petition, petitioner has the burden of demonstrating that his

will was overborne by police tactics and that, as a result,

his confession was the product of a "`critically impaired'"

intellect. See Jenner v. Smith, 982 F.2d 329, 333 (8th Cir.)
 

(citation omitted), cert. denied, 62 U.S.L.W. 3245 (1993);
 

see also United States v. Lawrence, 889 F.2d 1187, 1189 (1st
 

Cir. 1989) (a showing that psychological or physical pressure

overrode a defendant's will required). A confession is not

involuntary unless the police overreached by using coercive

tactics to elicit an incriminating statement from a

defendant. See Colorado v. Connelly, 479 U.S. 157, 163-64
 

(1986).

 Here, there is nothing to indicate that petitioner

was anything else but of normal intelligence. He does not

assert that he was illiterate or uneducated. Further, we

assume, because petitioner does not indicate to the contrary,

 

absence of a motion to suppress the statement prior to trial
or an objection to its admission during trial, there must
exist "alerting circumstances" before a court has the duty to
sua sponte inquire into the voluntariness of a confession.
 
See United States v. Santiago Soto, 871 F.2d 200, 202 (1st
 
Cir.) (per curiam), cert. denied, 493 U.S. 831 (1989). No
 
such circumstances exist here. Id. (duty to hold a hearing
 
if it appears defendant is impaired physically or mentally)
(citing cases).

 -5-

that he had been advised of his Miranda rights upon his
 

arrest. See Miranda v. Arizona, 384 U.S. 436 (1966). Thus,
 

he was aware that any statement he made could be used against

him. See Evans v. Dowd, 932 F.2d 739, 742 (8th Cir.) (per
 

curiam) (Where Miranda warnings were given, "it would be
 

difficult to conclude that the police coerced the confession

while at the same time warning [defendant] that he need not

say anything."), cert. denied, 112 S. Ct. 385 (1991).
 

 Petitioner's most serious allegation is that the

police specifically promised that he would not be prosecuted

if he confessed. In Bram v. United States, 168 U.S. 532
 

(1897), upon which petitioner relies, the Court held that a

confession is involuntary if it was obtained by any
 

promises -- implied or direct, substantial or slight. Id. at
 

542-43. However, Bram "has not been interpreted as a per se
 

proscription against any promises made during interrogation."

Miller v. Fenton, 796 F.2d 598, 608 (3d Cir.), cert. denied,
 

479 U.S. 989 (1986). The question is whether the promise, by

overcoming the will of petitioner, induced the confession;
 

that is, "whether, under the totality of the circumstances,

the statement induced the confession, not whether it was, on

its face, a promise." Id. at 609 n.10.
 

 The bare statement that petitioner decided to

confess because of a police promise that he would not be

prosecuted, standing alone, does not satisfy this inquiry.

 -6-

What is missing are factual allegations of any specific

behavior or conversations. See United States v. Santiago
 

Soto, 871 F.2d 200, 202 (1st Cir.) (per curiam) (no coercion
 

where allegation that defendant was afraid of postal

inspectors not supported by "a description of any specific

behavior"), cert. denied, 493 U.S. 831 (1989). Further,
 

there is no indication in any of petitioner's pleadings that

he was in a weakened state of mind due to psychological

pressures or that, due to the length of the questioning, the

use of physical punishments, or the threat of violence or

prolonged incarceration, he was no longer rational. Compare
 

Davis v. North Carolina, 384 U.S. 737, 745-47, 752 (1966)
 

(defendant held for sixteen days under repeated interrogation

without being told of rights; confession found to be

involuntary); Payne v. Arkansas, 356 U.S. 560, 567 (1958)
 

(confession involuntary where defendant not advised of

rights, held incommunicado for three days, denied food for

long periods of time and threatened with violence).

 We only note that courts have upheld as voluntary

confessions given in circumstances more coercive than alleged

here. See, e.g., Stein v. New York, 346 U.S. 156, 185 (1953)
 

(12-hour interrogation stretched out over 32-hour period, not

so "oppressive as to overwhelm powers of resistance"); United
 

States v. Kiendra, 663 F.2d 349, 351-52 (1st Cir. 1981)
 

(confession held voluntary despite fact that defendant, with

 -7-

a ninth-grade education, held in solitary confinement for one

month before confession); United States v. Parker, 549 F.2d
 

1217, 1220-21 (9th Cir.) (confession determined to be

voluntary even though defendant interrogated for four hours

and despite existence of dispute as to whether agents used

promises of drugs and physical force), cert. denied, 430 U.S.
 

971 (1977). See generally Lawrence, 889 F.2d at 1190.
 

 2. Unconstitutional In-court Identification.
 

Although not entirely clear, petitioner apparently bases this

claim on his assertion that he did not resemble either of the

descriptions of the perpetrators given to the police by the

victim. As a result, he asserts, the in-court identification

was impermissibly "tainted." Petitioner goes on to argue

that if the fact of the prior descriptions had been disclosed

to the defense, the "misidentification" never would have

occurred.

 These allegations do not state a constitutional

claim. This is not the case where a suggestive pretrial

identification procedure "tainted" an in-court identification

during trial. See e.g., Stovall v. Denno, 388 U.S. 293, 302
 

(1967) (individual showup in hospital room). Rather,

petitioner's concern appears to be evidentiary in nature.

That is, he argues that if he had had, at the time of trial,

the information concerning the victim's description,

petitioner could have impeached the victim's credibility.

 -8-

Because petitioner has procedurally defaulted the claim

concerning the failure of the prosecution to disclose

exculpatory material, this claim, by itself, is not

cognizable under 2254. See Neil v. Biggers, 409 U.S. 188,
 

196-201 (1972).

 The request for a certificate of probable cause is

denied. The motion to proceed in forma pauperis on appeal is
 

moot.
 

 -9-