26 F.3d 131
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Johnny Albert PARTNER, Petitioner-Appellant,
v.
R. SNIDER, Respondent-Appellee.
 No. 92-56477.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1994.*
Decided June 14, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Johnny Albert Partner, a California state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2254 petition for a writ of habeas corpus. Partner was convicted of first-degree murder, with the special circumstances that Partner had used a firearm and that the murder was committed during the course of a robbery. Partner was sentenced to life imprisonment without possibility of parole. We have jurisdiction pursuant to 28 U.S.C. Secs. 1291, 2253, and review de novo. See Thomas v. Lewis, 945 F.2d 1119, 1122 (9th Cir.1991). We affirm.
 
 
 3
 Partner contends that (1) he was improperly impeached with a prior state conviction, (2) there was insufficient evidence of the special circumstance allegations, (3) he was denied access to the courts, (4) he was not allowed to have a bench trial, (5) jurors were improperly excused based on their views of the death penalty, (6) the prosecution failed to preserve evidence, and (7) he received ineffective assistance of counsel. These contentions have no merit.[1]
 
 Admission of Prior Conviction
 
 4
 Partner contends that the trial court erred in determining that Partner's prior conviction for manslaughter had to be admitted at trial. Partner claims that, because the trial court improperly determined that it had no discretion to exclude the prior, his constitutional rights were violated by admission of the prior.
 
 
 5
 "A habeas petitioner who challenges a state court's admission into evidence of prior acts of misconduct is not entitled to habeas corpus relief unless the state court's admission of this evidence violated the petitioner's federal due process right to a fair trial under the Constitution." Gordon v. Duran, 895 F.2d 610, 613 (9th Cir.1990). The improper admission of evidence violates due process "only if there are no permissible inferences the jury may draw from the evidence." Jammal v. Van de Kamp, 926 F.2d 918, 920 (9th Cir.1991).
 
 
 6
 Partner's attorney questioned him about his prior conviction for manslaughter during Partner's direct testimony. Partner was questioned only briefly about the conviction during cross examination, and the jury was instructed to consider the conviction only for the purpose of determining Partner's credibility. In these circumstances, we find that admission of the prior conviction did not violate Partner's due process rights. See Jammal, 926 F.2d at 920; Gordon, 895 F.2d at 613.
 
 Sufficiency of the Evidence
 
 7
 In deciding whether the evidence is sufficient to sustain a conviction, we must view that evidence in the light most favorable to the prosecution and determine whether any rational factfinder could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Mikes v. Borg, 947 F.2d 353, 356 (9th Cir.1991), cert. denied, 112 S.Ct. 3055 (1992). If the record could support conflicting inferences, this Court must presume that the factfinder resolved such conflicts in favor of the prosecution, and must defer to that resolution. Jackson, 443 U.S. at 326; Payne v. Borg, 982 F.2d 335, 338 (9th Cir.1992), cert. denied, 114 S.Ct. 131 (1993).
 
 
 8
 Partner contends that there was insufficient evidence that he committed a murder during the course of a robbery. He contends that inconsistent eyewitness testimony was presented at trial, and therefore, that no rational jury could have convicted him. However, several witnesses testified that they heard or saw Partner shoot the victim, then remove the victim's wallet. One witness testified that Partner said "Your money or your life" immediately before shooting the victim. Although Partner's own testimony contradicts this account, the eyewitness testimony is sufficient to support the jury's finding. See Jackson, 443 U.S. at 319, 326; Payne, 982 F.2d at 338; Mikes, 947 F.2d at 356.
 
 Access to Courts
 
 9
 Partner contends that he was denied access to a jail law library during his trial. He contends that, although he was represented by counsel, he should have been allowed to use the library "to assist in research and better follow the proceeding that affect his life." However, this argument is foreclosed by our decision in United States v. Wilson, 690 F.2d 1267, 1271-72 (9th Cir.1982), cert. denied, 464 U.S. 867 (1983) (pretrial detainee who is represented by counsel has no Fifth or Sixth Amendment right of access to a law library).
 
 Right to Bench Trial
 
 10
 Partner contends that the trial court erred by denying his request to be tried by the court rather than by a jury. The prosecution refused to approve Partner's request, and exercised the state's right to insist on a jury trial. There is no federal constitutional right to a non-jury trial. Singer v. United States, 380 U.S. 24, 34 (1965). Furthermore, there is no constitutional impediment to conditioning the defendant's waiver of a jury trial on the approval of the prosecutor, as California law provides. See id. at 36.
 
 
 11
 Partner contends that his constitutional rights were nonetheless violated when he was forced to proceed before a jury because California's statutory scheme creates a lesser burden of proof for a motion of acquittal in a bench trial than in a jury trial.[2] However, we agree with the district court that Partner has not stated an equal protection violation: he has not shown that a fundamental right is at stake, nor that the rights of a suspect class are infringed by the statutes. The statutory distinction is rationally related to the government's legitimate purpose of preserving an appropriate balance between the role of the jury and judicial efficiency. See People v. Partner, 225 Cal.Rptr. 502, 505 (Cal.Ct.App.1986). Accordingly, the district court properly dismissed this claim.
 
 Jury Selection Errors
 
 12
 Partner contends that he was denied a fair and impartial jury because potential jurors were excluded due to their opposition to the death penalty, and this created a jury panel biased toward conviction. However, this claim has been rejected by both the Supreme Court and this Circuit. See Lockhart v. McCree, 476 U.S. 162, 173 (1986); Harris v. Pulley, 885 F.2d 1354, 1371 (9th Cir.1989), cert. denied, 493 U.S. 1051 (1990). Partner further contends that three potential jurors were erroneously excluded because they expressed objections to the death penalty, but did not state that they could never impose the death penalty under any circumstances. See Witherspoon v. Illinois, 391 U.S. 510, 522, 523 n. 21 (1968). However, because the jury did not sentence Partner to death, this claim has no merit. See Jacobson v. California, 431 F.2d 1017, 1019 (9th Cir.1970) (citing Bumper v. North Carolina, 391 U.S. 543, 545 (1968)) (appellant may not complain of Witherspoon error where jury recommends life imprisonment rather than death penalty).
 
 Failure to Preserve Evidence
 
 13
 The prosecution's failure to preserve potentially exculpatory evidence violates the defendant's due process rights only if the exculpatory value of the evidence was apparent before it was destroyed, and the defendant is unable to obtain comparable evidence by other reasonably available means. California v. Trombetta, 467 U.S. 479, 489 (1984); United States v. Cooper, 983 F.2d 928, 931 (9th Cir.1993). The defendant must also show that the government destroyed the evidence in bad faith. Arizona v. Youngblood, 488 U.S. 51, 58 (1988); Cooper, 983 F.2d at 931.
 
 
 14
 Partner contends that the prosecution failed to preserve an officer's field interrogation card prepared when she interviewed a twelve-year-old witness. He contends that this evidence would have helped him prove that he killed the victim following a fight, and that he was thus guilty only of manslaughter. However, comparable evidence that a fight took place prior to the killing was readily available to Partner, through the testimony of Robert Bateman. See Trombetta, 467 U.S. at 489; Cooper, 983 F.2d at 931. Furthermore, there is no indication that this evidence was destroyed in bad faith. See Youngblood, 488 U.S. at 58; Cooper, 983 F.2d at 931. Accordingly, the district court properly dismissed this claim.
 
 Ineffective Assistance of Counsel
 
 15
 Partner alleges numerous errors by counsel during his preliminary hearing and at trial. However, based on our review of the record and the transcripts, we find that counsel's performance was not deficient. None of Partner's ineffective assistance claims has merit. See Strickland v. Washington, 466 U.S. 668, 690 (1984).
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Partner's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Partner also contends that his conviction is invalid because it is based on the special circumstance that he was previously convicted of murder. However, the special circumstance finding in Partner's case was based not on a prior conviction but on murder committed during the course of a robbery
 
 
 [2]
 In a bench trial, the trial court must order entry of a judgment of acquittal at the close of the prosecution's case "if the court, upon weighing the evidence then before it, finds the defendant not guilty of such offense." Cal.Penal Code Sec. 1118. However, in a jury trial, the trial court must order entry of a judgment of acquittal only "if the evidence then before the court is insufficient to sustain a conviction of such offense on appeal." Cal.Penal Code Sec. 1118.1